**Veronice A. HOLT, Plaintiff-Appellant,**

v.

**The CONTINENTAL GROUP, INC., Defendant-Appellee.**

No. 550, Docket 82–7542.

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 1982.

Decided May 24, 1983.

---

Friendly, Circuit Judge, concurred in the result with a separate opinion.

Veronice A. Holt, pro se, for plaintiff-appellant.

William L. Kandel, New York City (William Hughes Mulligan, Dorothy B. Symons, and Skadden, Arps, Slate, Meagher & Flom, New York City, on brief), for defendant-appellee.

Michael M. Martinez, Acting Gen. Counsel, Philip B. Sklover, Asst. Gen. Counsel, Sandra G. Bryan, Washington, D.C., submitted a brief for amicus curiae E.E.O.C.

Before FRIENDLY and NEWMAN, Circuit Judges, and WYZANSKI, District Judge.*

NEWMAN, Circuit Judge:

Veronice A. Holt, a Black female lawyer, appeals from a judgment of the District Court for the District of Connecticut (Robert C. Zampano, Judge) denying a preliminary injunction and dismissing her complaint brought under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1976 & Supp. IV 1980), and 42 U.S.C. § 1981 (1976). For the reasons that

* The Honorable Charles E. Wyzanski, Jr. of the United States District Court for the District of Massachusetts, sitting by designation.

follow we conclude that, though the denial of a preliminary injunction may well have been proper, further consideration of that request is warranted to provide assurance that a pertinent consideration was not overlooked.

Holt was employed by Continental Group, Inc. (CGI) engaged primarily in securities work. On October 22, 1981, she filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CCHRO) alleging that CGI had discriminated against her on the basis of race and sex by denying her a promotion and in other respects. On December 10, 1981, she filed an additional complaint with the CCHRO alleging that CGI had engaged in "retaliatory conduct," notably, giving her an adverse performance evaluation because of her initial complaint. On January 20, 1982, CGI discharged Holt by letter effective two days later.

On February 16, 1982, the plaintiff brought this action in the District Court complaining of both discriminatory treatment and retaliatory conduct. She alleged many of the facts she had reported to the CCHRO and added a further claim that her discharge was in retaliation for her complaints to the CCHRO. The complaint sought only a preliminary injunction—reinstatement and a prohibition against further retaliation pending the outcome of state administrative proceedings before the CCHRO. Judge Zampano denied the application for a preliminary injunction primarily on the ground that the plaintiff had failed to make a sufficient showing of irreparable injury. Having rejected the only request for relief, he then dismissed the complaint.

The appeal has been complicated by an ambiguity concerning the nature of the complaint. What is not clear is whether the plaintiff is seeking a traditional preliminary injunction, i.e., relief pending a judicial trial on the merits, or a final injunction of limited duration, i.e., relief pending the state administrative proceedings, or perhaps both. We previously encountered an ambiguity of this sort in *Guinness-Harp Corp. v. Jos. Schlitz Brewing Co.,* 613 F.2d 468 (2d Cir.1980), where a plaintiff sought and obtained from a district court an injunction (labeled "preliminary") to maintain the status quo pending an arbitration. We viewed that injunction as a final injunction of limited duration, since the plaintiff had secured all of the relief sought in its complaint. Holt's case is more complicated for two reasons: the injunction, whatever its nature, was denied, and the claim for relief is based on both Title VII and section 1981.

When a party seeks an injunction of limited duration, pending an outcome before another forum, it is arguable that the party is entitled first to seek a preliminary injunction, and then, if successful, to return to court for a plenary hearing on a "final" injunction, albeit one of limited duration. However, the justification for affording two such opportunities for relief of limited duration is substantially less in a case like this where the plaintiff will have a full opportunity for plenary consideration of her claims on the merits in the District Court after the state administrative proceedings, if those proceedings conclude adversely to her. In these circumstances the relief sought pending the state proceedings is more properly viewed as a traditional preliminary injunction because it is preliminary to the District Court's ultimate adjudication of the case.

To the extent that the plaintiff's claim is based on Title VII, she is obliged to exhaust state administrative remedies, as she recognizes. An injunction pending state administrative proceedings is available prior to such exhaustion, *Sheehan v. Purolator Courier Corp.,* 676 F.2d 877 (2d Cir.1982), but that is the only relief available prior to exhaustion.[1] However, her

1. This exhaustion requirement renders Holt's claim slightly different from a claim for a traditional preliminary injunction because the plaintiff is not free, after denial of preliminary relief, promptly to pursue a plenary trial on the merits of her Title VII claim; instead the plaintiff must exhaust state administrative remedies and then obtain a right to sue letter from the EEOC. We do not think this delay in the opportunity for plenary judicial consideration of

claim under section 1981 is not subject to an exhaustion requirement. *Gresham v. Chambers*, 501 F.2d 687, 690–91 (2d Cir. 1974). Therefore she is entitled promptly to pursue the merits of her section 1981 claim in the District Court, even though her request for a preliminary injunction is denied. Notwithstanding the opportunity promptly to seek final relief on her section 1981 claim, the plaintiff came to the District Court with a complaint that sought only a "preliminary injunction." (Complaint, ¶ 1 and prayer for relief). In these circumstances we will consider at this stage of the litigation only the propriety of the denial of the precise relief requested. Since, as will be seen, we conclude that the matter must be returned to the District Court for further consideration of the request for a preliminary injunction, plaintiff will have an opportunity to amend her complaint and pursue the merits of her section 1981 claim, if that is her preference.

Turning to the request for a preliminary injunction, we agree with the District Court that it had jurisdiction, *Sheehan v. Purolator Courier Corp., supra,* and this jurisdiction permitted the District Court to consider plaintiff's request for reinstatement, a restoration of the *status quo ante, see National Ass'n of Letter Carriers v. Sombrotto,* 449 F.2d 915, 921 (2d Cir.1971); *Westchester Lodge 2186 v. Railway Express Agency,* 329 F.2d 748, 752 (2d Cir.1964).

With respect to the merits of the injunction request, plaintiff urges us to hold that her affidavits and what she alleges to be fatal inconsistencies in CGI's affidavits mandate a conclusion that she has established a probability of success on the merits. If Judge Zampano has come to the conclu-

sion, based on the record before him, that a probability of success has not been shown, we would be reluctant to find that he has abused his discretion in so concluding. However, we are left with some uncertainty as to his ruling on this score. Judge Zampano stated that "the plaintiff has not made a satisfactory showing of either likelihood of success or, most importantly, of irreparable harm," 542 F.Supp. 16, 17. He then observed that the "conflicting 'paper' proffers of proof do not provide an adequate evidentiary record upon which the Court can determine *whether* the plaintiff will likely prevail on the merits," *id.* at 17–18 (emphasis added), which could mean either that the issue was left unresolved or that the plaintiff had not met her burden of proof. He ultimately concluded, "What is *clear,* however, is that the plaintiff has failed to make the requisite showing of irreparable harm," *id.* at 18 (emphasis added). Since we conclude that this core ruling on irreparable injury warrants further consideration by the District Court, we prefer not to assess the probability of success on the merits at this stage and instead permit the District Judge to clarify his ruling on this point, in the event that, upon remand, he should conclude that irreparable injury warranting a preliminary injunction has been shown.[2]

■ With respect to irreparable injury, an absolute requirement for a preliminary injunction, *Triebwasser & Katz v. American Telephone & Telegraph Co.,* 535 F.2d 1356, 1359 (2d Cir.1976), we agree with Judge Zampano that the requisite irreparable harm is not established in employee discharge cases by financial distress or inabili-

the merits alters the "preliminary" nature of the relief sought.

**2.** Holt contends on appeal that she got the impression from a prehearing conference that the District Judge would inform the parties if he concluded that he needed additional evidence in order to determine probability of success on the merits. We need not determine whether the plaintiff had a justifiable basis for this impression. Upon remand the plaintiff will have an opportunity to make a proffer of whatever additional evidence she has to present on

the issue of probability of success, and the District Judge can then decide whether he wishes to reopen the record. Normally a party that elects to gamble on a "battle of affidavits" must live by that choice, *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197, 1204–05 (2d Cir.1970); *Dopp v. Franklin National Bank,* 461 F.2d 873, 879 (2d Cir.1972). Whether any colloquy between the Court and the parties occurred that warrants a relaxation of that rule can best be determined by Judge Zampano upon remand.

ty to find other employment, unless truly extraordinary circumstances are shown. *Sampson v. Murray,* 415 U.S. 61, 91–92 & n. 68, 94 S.Ct. 937, 953 & n. 68, 39 L.Ed.29 166 (1974); *EEOC v. City of Janesville,* 630 F.2d 1254, 1259 (7th Cir.1980). However, the claim in this case is not simply that an employee has been discharged and thereby has suffered injuries normally compensable by money. In addition, the plaintiff asserts that the discharge was in retaliation for her prior claim of a Title VII violation by her employer. A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights under the Act or from providing testimony for the plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury.

■ We do not, however, accept the EEOC's suggestion that there is irreparable injury sufficient to warrant a preliminary injunction in every retaliation case—a view that has been rejected by the Sixth Circuit even when the EEOC was plaintiff and there was testimony that five employees would be "chilled" in testifying in plaintiff's favor. *EEOC v. Anchor Hocking Corp.,* 666 F.2d 1037 (6th Cir.1981).[3] In sustaining jurisdiction in *Sheehan v. Purolator Courier Corp., supra,* 676 F.2d at 887, we explicitly stated that we did "not alter the traditional showing that a party must make in order to persuade the court that injunctive relief is appropriate." This hardly contemplated a presumption of irreparable injury in every action by a plaintiff alleging a retaliatory discharge.

■ We do not doubt that the risk of weakened enforcement of Title VII, both in the instant case and in general, is a factor properly to be weighed by a district court in assessing irreparable injury. Judge Zampano may have implicitly concluded that this factor did not suffice to show irreparable injury in this case, but due regard for the

enforcement of Title VII prompts us to return the matter to the District Judge so that he may explicitly determine whether the risk of irreparable damage arising from the consequences of what may have been a retaliatory discharge suffices, in the circumstances of this case, to satisfy the irreparable damage requirement for a preliminary injunction.

Holt also requests that we preclude the District Judge from giving any weight, as he did, 542 F.Supp. at 18, to the fact that considerable hostility has arisen between the plaintiff and her former colleagues in the legal department of CGI and that reinstatement pending the resolution of this dispute may precipitate a breach of confidences or a conflict of interest. While we think that reinstatement, if otherwise warranted, could be accomplished on a basis that minimized these risks, we are not prepared to hold that at a preliminary stage of litigation, a district judge is precluded from according such considerations any weight at all. Such a view would be inconsistent with the traditional discretion accorded a district judge in deciding whether to grant or deny a preliminary injunction. *See, e.g., Brown v. Chote,* 411 U.S. 452, 457, 93 S.Ct. 1732, 1735, 36 L.Ed.2d 420 (1973); *Jacobson & Co. v. Armstrong Cork Co.,* 548 F.2d 438, 441 (2d Cir.1977). Indeed, a special damage remedy has been held to be preferable to reinstatement even as a final remedy in a retaliatory discharge case, *EEOC v. Kallir, Philips, Ross, Inc.,* 420 F.Supp. 919, 926–27 (S.D.N.Y.1976), *aff'd mem.,* 559 F.2d 1203 (2d Cir.), *cert. denied,* 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 577 (1977). Our summary affirmance in *Kallir,* including the cross-appeal challenging the denial of reinstatement, is not a precedent of this Circuit, *see* 2d Cir.R. 0.23, and we prefer to defer until the conclusion of this litigation any ruling on the factors that might permissibly warrant denial of reinstatement as a remedy for a plaintiff who prevails at trial.

---

**3.** Although *EEOC v. Pacific Press Publishing Ass'n,* 535 F.2d 1182, 1187 (9th Cir.1976), indicated that a *per se* rule of sufficient irreparable injury would apply in a case brought by the EEOC, it made clear that no such rule should

exist when an individual sought relief. In *Smallwood v. National Car Co.,* 583 F.2d 419 (9th Cir.1978), which used presumption of irreparable injury language, retaliation had been found after a trial.

**92**

Accordingly, we reverse the judgment denying the preliminary injunction and dismissing the complaint and remand for further consideration of the preliminary injunction consistent with this opinion and for further proceedings with respect to the section 1981 claim in the event that the plaintiff amends her complaint to pursue that claim beyond the request for a preliminary injunction.[4] No costs.

FRIENDLY, Circuit Judge, concurring in the result:

I see no sufficient reason for requiring Judge Zampano to give further consideration to his denial of a temporary injunction, particularly when action by the CCHRO on the complaints that Ms. Holt filed in the fall of 1981 cannot be far off. Still I do not dissent to a remand for that purpose on the understanding, which I have, that we are leaving him entirely free to adhere to his previous decision if so advised. I see no reason to think that he failed to consider the possibility of a "chilling effect" which plaintiff alleged in ¶ 66 of her garrulous complaint and referred to in her lengthy statement before him (App. 519–20) and would have been obvious to anyone of the judge's experience and sensitivity in any event. I likewise understand that we are not precluding district judges in this circuit from denying reinstatement for the reasons developed by Judge Weinfeld in *EEOC v. Kallir, Philips, Ross, Inc.*, 420 F.Supp. 919, 926–27 (S.D.N.Y.1976), *aff'd mem.*, 559 F.2d 1203 (2 Cir.), *cert. denied*, 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977), which Judge Zampano followed here, especially in cases like this where the plaintiff has not yet established her case.

---

4. The plaintiff asks us to reverse the District Court's order denying her motion for disqualification of Skadden, Arps, Meagher & Flom to represent the defendant in this case, a ruling available for review at this point once the appeal from the denial of the preliminary injunction has invoked our appellate jurisdiction. Our inspection of this motion shows that it is patently frivolous, not even setting forth a plausible basis for disqualification.