Janet Walter BERMAN, Plaintiff,

v.

NEW YORK CITY BALLET,
INC., Defendant.

No. 85 Civ. 5875 (EW).

United States District Court,
S.D. New York.

Aug. 20, 1985.

---

Blank & Blank, P.C., New York City, for plaintiff; Diane Serafin Blank, New York City, of counsel.

Proskauer Rose Goetz & Mendelsohn, New York City, for defendants; Minna Schrag, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, presently employed by the defendant New York City Ballet, Inc. as Acting Principal second violinist of the ballet orchestra, moves for a preliminary injunction to enjoin the defendant from selecting another person for the position, pending investigation and determination by the Equal Employment Opportunity Commission (EEOC) of plaintiff's current charge that on account of her sex, and in retaliation for a previous Title VII action against defendant, she has been denied permanent promotion to the position.[1]

As a threshold question, defendant contends that this court lacks jurisdiction to entertain an application for a preliminary injunction where, as here, plaintiff has not been granted a "right to sue" letter by the EEOC. Decisions by our Court of Appeals, however, firmly establish that in cases in which a plaintiff alleges significant retaliatory conduct by the employer, this Court has jurisdiction to entertain applications for preliminary injunctive relief for the purpose of preserving the status quo pending the EEOC's investigative and conciliatory processes. In such situations, the Court's jurisdiction is not dependent upon the issuance by the EEOC of a "right to sue" letter.[2]

---

1. This is the second EEOC complaint and federal lawsuit commenced by plaintiff; the prior proceedings were withdrawn when it was determined that the collective bargaining agreement between the defendant and the union of which plaintiff is a member provided for a procedure for the appointment to the position at issue. It is the orchestra's implementation of that procedure which plaintiff now seeks to enjoin.

2. *Sheehan v. Purolator Courier Corp.,* 676 F.2d 877 (2d Cir.1982); *Holt v. Continental Group, Inc.,* 708 F.2d 87, 91 (2d Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1294, 79 L.Ed.2d 695 (1984).

■ In order to succeed in her application for such relief, the plaintiff must meet the traditional requirements for the issuance of a preliminary injunction.[3] Thus, she must establish: (1) the threat of irreparable harm in the absence of an injunction, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious ground for litigation and a balance of hardship that tips decidedly in her favor.[4] There is no presumption of irreparable injury created by the allegations of retaliatory conduct.[5] As in all other preliminary injunction cases, the plaintiff must show the threat of irreparable injury as an absolute requirement.[6]

■ At the outset, as already noted, plaintiff presently holds the position, as Acting Principal second violinist, as to which she seeks to enjoin the defendant from considering fellow employees, a requirement of the collective bargaining agreement. Plaintiff asserts that a decision to designate another member of the orchestra as principal second violinist would result in irreparable harm to her in three ways: damage to her reputation as a musician, loss of other employment opportunities which traditionally come to principal orchestral players, and the deprivation of the only position for plaintiff's promotion within the orchestra.

As to the allegation of damage to reputation, the Supreme Court has said in the context of the discharge of civil service employees that damage to reputation caused by discharge will not support the issuance of a preliminary injunction.[7] In the present case, plaintiff has not been discharged; she not only retains the salary and benefits that would accrue to her as principal second violinist, but is also described in the employer's publicity materials as Acting Principal of the second violin section. If plaintiff prevails upon the merits of her claim, the harm, if any, done to her reputation can be compensated in damages; a harm that can be remedied by payment of damages is not irreparable.[8]

The same defect appears in plaintiff's assertion that loss of other employment opportunities will result from failure to make plaintiff the principal second violinist. If plaintiff prevails on the merits, any claimed loss of income from other employment opportunities can be compensated in damages. Plaintiff argues that the damages for the interim period are impossible of calculation; the record as here presented does not support this claim. Past experience of plaintiff, as well as other principal players, as to additional income claimed to be earned by reason of the position is readily ascertainable, and would furnish a yardstick to measure damages. Without deciding the question of the appropriate measure, the court is satisfied that a fair determination of alleged deprivation of additional income can be made.

Plaintiff also argues that irreparable harm will be caused if defendant is allowed to proceed with auditions to fill the position of principal second violinist because this Court will not be in a position to award plaintiff this "unique position" should she prevail upon the merits. This contention too must be rejected. As the Supreme Court has said, one of the central purposes of Title VII is "to make persons whole for injuries suffered on account of unlawful

---

3. *Sheehan,* 676 F.2d at 887.

4. *Buckingham Corp. v. Karp,* 762 F.2d 257 (2d Cir.1985); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70 (2d Cir.1979).

5. *Holt v. Continental Group, Inc.,* 708 F.2d 87, 91 (2d Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 1294, 79 L.Ed.2d 695 (1984).

6. *Holt,* 708 F.2d at 90; *Triebwasser & Katz v. American Tel. & Tel. Co.,* 535 F.2d 1356, 1359 (2d Cir.1976).

7. *Sampson v. Murray,* 415 U.S. 61, 91–92, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974).

8. *Stromfeld v. Smith,* 557 F.Supp. 995, 998 (S.D. N.Y.1983); *Patterson v. United Federation of Teachers,* 480 F.Supp. 550, 553 (S.D.N.Y.1979); *see also Buffalo Courier-Express v. Buffalo Evening News,* 601 F.2d 48, 58 (2d Cir.1979).

**558**

employment discrimination."[9] The broad equitable power vested in the federal courts to fashion remedies in accordance with this purpose includes, of course, remedies which may indirectly burden other employees.[10] If plaintiff prevails upon the merits, the remedial powers of the court are entirely adequate to grant her any relief to which she may be entitled.[11] Accordingly, the court finds that plaintiff has not made the requisite showing of irreparable harm.

 Moreover, there is serious doubt as to the substantiality of plaintiff's claim on the merits. The process for the selection of a new principal second violinist called for in the collective bargaining agreement between plaintiff's employer and plaintiff's union requires the convening of a committee at which plaintiff, to be appointed without an open audition, needed to receive seven of the ten votes cast. Instead, plaintiff received only six votes. The undisputed testimony of Robert Irving, the orchestra's music director, is that he, on behalf of the orchestra management, cast all five of its votes for plaintiff. Plaintiff was thus deprived of the position she sought not by her employer, but by her orchestra colleagues. Plaintiff contends, however, that this outcome was the result of a "setup," whereby the orchestra management sought to get itself "off the hook" by voting for her while simultaneously arranging her defeat. She has introduced not the slightest credible evidence in support of this conjectural charge of "express or implied conspiracy," other than the repetition of unattributed hearsay statements that "the word was out" that the orchestra management would act in this way.[12]

Such speculative charges do not rise to the level of a serious ground for litigation, and do not establish that plaintiff is likely to succeed on the merits. Upon the totality of the record in this case, the court finds that plaintiff has not established that she will be irreparably harmed if an injunction does not issue, and further finds that plaintiff has established neither a likelihood of success on the merits nor a balance of hardships tipping sharply in her favor. Indeed plaintiff, currently the Acting Principal second violinist seeks to acquire the position permanently, which is of course her right; however, an injunction would freeze out other potential applicants who are entitled to be considered under the union contract. Accordingly, the motion for a preliminary injunction is denied.

So ordered.

---

**9.** *Albermarle Paper Co. v. Moody,* 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975).

**10.** *Franks v. Bowman Trans. Co.,* 424 U.S. 747, 774–75, 96 S.Ct. 1251, 1268–70, 47 L.Ed.2d 444 (1976).

**11.** *See EEOC v. Kallir, Philips, Ross, Inc.,* 420 F.Supp. 919 (S.D.N.Y.1976), *aff'd mem.,* 559 F.2d 1203 (2d Cir.), *cert. denied,* 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977).

**12.** Plaintiff's Reply Memorandum at 2.