Matricia MOORE, Plaintiff–Appellant,

v.

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC. and John
Morrill, Defendants–Appellees.

No. 03–9281.

United States Court of Appeals,
Second Circuit.

March 1, 2005.

Stephen T. Mitchell, New York, NY, for
Appellant.

Jonathan A. Fields (Mary Schuette and
Eva Martinez, on the brief), Con Edison
Law Department, New York, NY., for Appellees.

PRESENT: SOTOMAYOR,
KATZMANN, Circuit Judges, and
CEDARBAUM,* District Judge.

SUMMARY ORDER

Plaintiff-appellant Matricia Moore
("plaintiff") appeals from a judgment entered on November 5th, 2003, in the United States District Court for the Southern District of New York (Michael B. Mukasey, J.), denying plaintiff's motion for an order to show cause and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. Plaintiff also appeals the denial of an evidentiary hearing on her

---

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

motion for preliminary relief. We assume the parties' familiarity with the factual and procedural background of the case.

Plaintiff, a former employee at the Consolidated Edison Company of New York, Inc. ("Con Ed"), filed a motion for preliminary injunctive relief on October 29, 2003, in connection with two discrimination lawsuits that she had brought against Con Ed and against her supervisor at Con Ed, James Morrill (collectively with Con Ed, "defendants"). Plaintiff sought preliminary relief because she feared that defendants, for whom she still worked at that time, would discipline or discharge her for agreeing to testify against Con Ed in discrimination lawsuits similar to her own. In support of her motion for preliminary relief, plaintiff submitted, *inter alia,* an employee performance evaluation in which she was criticized for participating in civil rights litigation against defendants. Con Ed discharged plaintiff shortly after the district court denied her motion for preliminary relief.

District courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) " 'that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.' " *No Spray Coalition, Inc. v. City of New York,* 252 F.3d 148, 150 (2d Cir.2001) (per curiam) (quoting *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.,* 175 F.3d 266, 270 (2d Cir.1999)). Such relief, however, " 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.' " *Mazurek v. Armstrong,* 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d

162 (1997) (emphasis omitted) (citation omitted). Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances. *See Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 381, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest. Employees Int'l Union,* 239 F.3d 172, 177 (2d Cir.2001). The district court has wide discretion in determining whether to grant a preliminary injunction, and this Court reviews the district court's determination only for abuse of discretion. *See Green Party of New York State v. New York State Bd. of Elections,* 389 F.3d 411, 418 (2d Cir.2004); *Columbia Pictures Indus., Inc. v. Am. Broad. Cos., Inc.,* 501 F.2d 894, 897 (2d Cir.1974).

The district court denied plaintiff's motion for a preliminary injunction on the ground that there was no showing of irreparable injury. Specifically, the court held that "the performance evaluation in question does not itself cause irreparable injury, nor does it threaten termination." The district court held in the alternative that even if termination did occur, "any resulting injury" would be "fully compensable in money damages." Finally, the court added that the "suggestion of irreparable psychological harm [was] sheer speculation," and that "even assuming *arguendo* that the threat of harm to third parties may be considered," plaintiff lacked third party standing to sue on others' behalf.

Applying an abuse of discretion standard, we affirm the district court's conclusions that the evaluation was insufficient to demonstrate irreparable harm and that the claim of psychological harm was too speculative to warrant relief. *See Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir.2002) (noting that preliminary relief cannot be founded on irreparable harms that are "re-

mote or speculative"). We also affirm the court's holding that the alleged harm to third parties does not provide plaintiff a basis for a preliminary injunction in this case.

To the extent that the district court may have implied in its order that injuries resulting from retaliatory termination are always compensable in money damages, we disagree. As we held in *Holt v. Continental Group, Inc.*, 708 F.2d 87 (2d Cir. 1983), "[a] retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights under the [law] or from providing testimony for [a] plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury." *Id.* at 91. The district court's suggestion to the contrary, however, does not provide a ground for reversal here, because plaintiff did not offer any evidence that witnesses in this case would be intimidated from testifying on plaintiff's behalf. *See id.* (holding that there was no *presumption* of irreparable injury in retaliatory discharge cases). Though the negative employment evaluation does sharply criticize plaintiff for her participation in the litigation, plaintiff did not allege that other employees were aware of this evaluation, much less intimidated by it. Nor did plaintiff allege that she herself was intimidated from participating in litigation against defendants. Thus, while a retaliatory discharge may in some cases intimidate witness and thereby inflict irreparable harm, *see id.*, the district court did not abuse its discretion in concluding that there was no risk of irreparable harm presented here.

Because the record is devoid of any evidence of witness intimidation, we also affirm the district court's denial of an evidentiary hearing on the motion for preliminary relief. *See Charette v. Town of Oys-*

*ter Bay*, 159 F.3d 749, 755 (2d Cir.1998) (noting that an evidentiary hearing is not required when, *inter alia*, disputed facts are amenable to complete resolution on a paper record).

In her brief on appeal, plaintiff also includes claims under 42 U.S.C. § 1985(2) and (3), as well as under 18 U.S.C. § 1512. These claims were not included in her complaint or in her motion for preliminary relief; nor were they discussed by the district court. We therefore do not address them. *See Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir.2004).

We have considered plaintiff's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.