Joseph F. BENNETT, Plaintiff–
Appellant–Movant,

v.

Sheelah LUCIER, Virginia McQuade, Randy Ehrenberg and the Board of Education of the North Colonie Central School District, Defendants–Appellees–Respondents.

No. 07–1568–cv.

United States Court of Appeals, Second Circuit.

July 5, 2007.

Thomas Marcelle (Phillip G. Steck, Cooper Erving & Savage LLP, on the brief), Albany, NY, for Appellant.

John F. Moore, Ryan & Smallacombe, PLLC, Albany, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Hon. JOHN R. GIBSON,*

---

* The Honorable John R. Gibson, Circuit Judge,    United States Court of Appeals for the Eighth

Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Joseph Bennett [i] appeals from an order of the United States District Court for the Northern District of New York (Sharpe, *J.* ) denying his motion for preliminary injunctive relief, and [ii] moves in this Court for injunctive relief pending appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Bennett worked at North Colonie Central School ("School") as the lacrosse coach and a teacher's aide ("TA"), and was president of the School TA union. In November 2006, when the School initiated disciplinary proceedings against another TA (Peter Vottis), Bennett (as union president) solicited support and called a parent to investigate the charges. Two months later Bennett himself was charged with a variety of disciplinary infractions, charges he contends are retaliation for his union activity in the Vottis matter. Bennett was dismissed as coach, and is on paid leave from his position as a TA.

In the action still pending before the district court Bennett seeks damages; in his motions for injunctive relief (both in this Court and the district court) he seeks reinstatement as a TA and lacrosse coach. The School concedes (for present purposes) that Bennett's union-related advocacy was protected speech and that his punishment constituted an adverse employment action.

To obtain either a preliminary injunction or an injunction pending appeal, a party must show that he will suffer irreparable harm absent injunctive relief. *See Moore v. Consol. Edison Co. of New York, Inc.,* 409 F.3d 506, 510 (2d Cir.2005) (providing standard for preliminary injunction); *La-*

*Rouche v. Kezer,* 20 F.3d 68, 72 (2d Cir. 1994) (same for injunction pending appeal). We review a district court's denial of a preliminary injunction for abuse of discretion. *Moore,* 409 F.3d at 511. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). However, "we have not consistently presumed irreparable harm in cases involving allegations of the abridgement of First Amendment rights." *Bronx Household of Faith v. Bd. of Educ.,* 331 F.3d 342, 349 (2d Cir.2003). Where, as here, "a plaintiff alleges injury from [an action] that may only *potentially* affect speech, the plaintiff must establish a causal link between the injunction sought and the alleged injury, that is, the plaintiff must demonstrate that the injunction will prevent the feared deprivation of free speech rights." *Id.* at 350 (emphasis added).

Bennett claims that his retaliatory discharge will chill the speech of other TAs on union matters. "A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights ... or from providing testimony for the plaintiff in [his] effort to protect [his] own rights. These risks *may* be found to constitute irreparable injury." *Holt v. Continental Group, Inc.,* 708 F.2d 87, 91 (2d Cir.1983) (emphasis added). But we have rejected the idea that "there is irreparable injury sufficient to warrant a preliminary injunction in every retaliation case." *Id.* Rather, to obtain injunctive relief Bennett must show some evidence of actual chill that would be cured by the requested injunction. *Moore,* 409 F.3d at 512. This he has failed to do.

Bennett offers the following evidence of chill:

---

Circuit, sitting by designation.

[i] School officials attempted to dissuade a fellow TA from testifying at Bennett's hearing, though she testified nevertheless.

[ii] The School's attorney called the father of a lacrosse player and "questioned [his] decision to get involved in the matter."

[iii] The School contacted the supervisor of an outside contractor to complain about the contractor's involvement in the Vottis matter. The School's complaint resulted in the contractor being "reprimanded" by her employer.

These allegations are insufficient to establish a connection between the alleged chill and the injunctive relief that Bennett seeks. The fellow TA testified at Bennett's hearing in spite of Bennett's suspension, which refutes Bennett's claim that her speech has been chilled. Neither the parent nor the outside contractor is employed by the School, so neither can be chilled to silence by the threat of suspension, and Bennett's reinstatement would have no effect on them or what they have to say.

In any event, on the present record, "we fail to understand how a chilling of the right to speak or associate could logically be thawed by the entry of an interim injunction, since the theoretical chilling of protected speech and union activities stems not from the interim discharge, but from the threat of permanent discharge, which is not vitiated by an interim injunction." *Am. Postal Workers Union v. U.S. Postal Serv.*, 766 F.2d 715, 722 (2d Cir. 1985); *accord Savage v. Gorski*, 850 F.2d 64, 68 (2d Cir.1988); *see also Moore*, 409 F.3d at 512 n. 6 (reconciling *American Postal Workers* with the case-by-case approach adopted in *Holt*).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED and the motion for an injunction pending appeal is hereby DENIED.