18-1164-cv
*Carly Pisarri, et al. v. Town Sports International, LLC, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand nineteen.

Present:
> AMALYA L. KEARSE,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

CARLY PISARRI, AUBILY REMUS JASMIN, JOSHUA BILMES, SAMANTHA FAHY, BARI LASKY, ELIZABETH PLESSER, PETR PRIELOZNY, VADIM TERNOVSKI, and HELENA VON ROSENBERG, on behalf of themselves and all others similarly situated,

> *Plaintiffs-Appellants*,

> v.                                    18-1164-cv

TOWN SPORTS INTERNATIONAL, LLC, dba New York Sports Clubs, dba Boston Sports Clubs, dba Washington Sports Clubs, dba Philadelphia Sports Clubs, TOWN SPORTS INTERNATIONAL HOLDINGS, INC., dba New York Sports Clubs, dba Boston Sports Clubs, dba Washington Sports Clubs, dba Philadelphia Sports Clubs,

> *Defendants-Appellees.*\*

---

\* The Clerk of Court is respectfully directed to amend the caption as listed above.

1

For Plaintiffs-Appellants:    DAVID E. GOTTLIEB (Taylor J. Crabill, *on the brief*), Wigdor LLP, New York, NY

For Defendants-Appellees:    JACOB C. COHN (Peter G. Siachos, *on the brief*), Gordon Rees Scully Mansukhani, LLP, Florham Park, NJ

Appeal from an April 18, 2018 order of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendants-Appellees Town Sports International, LLC, and Town Sports International Holdings, Inc. (collectively, "TSI"), own and operate gym locations throughout the Eastern seaboard. Plaintiffs-Appellants, including Carly Pisarri ("Pisarri") and Aubily Remus Jasmin ("Jasmin"), were members of TSI's gyms. Pisarri and Jasmin first sued TSI in New York state court, alleging, *inter alia*, breach of contract and violation of various state consumer fraud protection statutes in connection with their gym memberships. TSI responded by revoking both memberships. Plaintiffs-Appellants then filed a class action complaint in federal court alleging, *inter alia*, "retaliation" and "*prima facie* tort." App. 29, 30. They moved for a preliminary injunction prohibiting TSI's alleged acts of retaliation and their motion was denied. This appeal ensued. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**Background**

TSI owns approximately 150 fitness clubs located throughout the Eastern seaboard. Those gyms, operating under the brand names New York Sports Clubs, Boston Sports Clubs, Washington Sports Clubs, and Philadelphia Sports Clubs, boast approximately 544,000 current members. As part of its business plan, TSI sells a "Passport Membership" that promises

2

participating members "all access" to "any TSI club at any time." App. 9. Pisarri and Jasmin purchased Passport Memberships from TSI. They claim that TSI subsequently re-branded several of its gym locations and denied them access to those locations in violation of the Passport Membership's terms.

On February 1, 2018, Pisarri and Jasmin filed a class action complaint in New York State Supreme Court, alleging that TSI had thereby violated New York, Massachusetts, Washington, D.C., and Pennsylvania consumer fraud protection statutes. In response, TSI revoked Pisarri's and Jasmin's memberships altogether, barring them from all TSI clubs. On February 26, 2018, Pisarri and Jasmin, along with seven additional named plaintiffs, filed their class action complaint in the United States District Court for the Southern District of New York. Their complaint advanced thirteen claims for relief, including eight claims under various state and municipal consumer fraud protection statutes,[1] two claims for breach of contract, and one claim for fraud.

The other two claims in the complaint, denominated respectively as "retaliation and further violations of the consumer fraud protection statutes" and "*prima facie* tort," concerned TSI's alleged retaliation against Pisarri and Jasmin. App. 29, 30. Plaintiffs-Appellants sought a preliminary injunction as to these claims, prohibiting TSI from "(i) banning Plaintiffs and any other putative Class members from TSI clubs in retaliation for pursuing claims in connection with this action; (ii) engaging in any form of retaliation against Plaintiffs and any other putative Class members for pursuing claims in connection with this action; and (iii) communicating with

---

[1] The complaint sought relief under New York General Business Law § 349; D.C. Consumer Protection Procedures Act § 28-3901, *et seq.*; Pennsylvania Unfair Trade Practices & Consumer Protection Law, Tit. 73 § 201-1, *et seq.*; Connecticut Unfair Trade Practices Act, § 42-110, *et seq.*; Maryland Consumer Protection Act, § 13-101, *et seq.*; New Jersey Consumer Fraud Act, § 56:8-1, *et seq.*; Rhode Island Unfair Trade Practice and Consumer Protection Act, § 6-13.1-1, *et seq.*; and Virginia Consumer Protection Act of 1977, § 59.1-196, *et seq.*

Plaintiffs and any putative Class members in any manner regarding any rights implicated by this action." App. 38. Shortly after the complaint was filed, TSI revoked the memberships of the seven additional named plaintiffs listed in the lawsuit.

The district court denied Plaintiffs-Appellants' motion for a preliminary injunction. Plaintiffs-Appellants timely appealed.

**Discussion**

We review decisions granting or denying injunctive relief for abuse of discretion. *SEC v. Dorozhko*, 574 F.3d 42, 45 (2d Cir. 2009). A district court abuses its discretion "when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009) (internal quotation marks and citation omitted). Even when a district court has made an error of law or fact, however, an appellate court remains "free to affirm an appealed decision on any ground which finds support in the record." *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999).

This Court has referred to the preliminary injunction as "one of the most drastic tools in the arsenal of judicial remedies," *Hanson Trust PLC v. SCM Corp.*, 774 F.2d 47, 60 (2d Cir. 1985), and as "an extraordinary and drastic remedy which should not be routinely granted," *Medical Soc. of State of N.Y. v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977). In order to obtain a preliminary injunction, a movant must show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Merkos L'Inyonei Church, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96

4

(2d Cir. 2002) (internal quotation marks omitted); *see also Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (same). The district court properly identified this standard in evaluating Plaintiffs-Appellants' motion.

The irreparable injury prerequisite for a preliminary injunction requires proof of harm that is "actual and imminent" and "not remote or speculative." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (quoting *New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 755 (2d Cir. 1977)). Injury is "irreparable" in this context if it is a kind "for which a monetary award cannot be adequate compensation." *Id.* The district court rejected Plaintiffs-Appellants' claim that they had suffered irreparable harm based on TSI's revocation of their memberships. It concluded that "deprivation of attendance at a few of the many exercising facilities in the area is not 'irreparable harm'" where "many such health clubs with exercise facilities are available in the area." App. 183. We discern no error, much less an abuse of discretion, in this conclusion.

Plaintiffs-Appellants argue that TSI's retaliation constitutes irreparable harm because "people are being deterred from participating in this action given Defendants' retaliatory conduct" and "witnesses and potential witnesses will be unwilling to cooperate and voluntarily provide helpful information" absent a preliminary injunction. App. 154, 156. In support of this argument, they cite Second Circuit caselaw holding that an employer's retaliation against an employee for the exercise of statutory rights can constitute irreparable harm. *See Holt v. Continental Grp., Inc.*, 708 F.2d 87, 91 (2d Cir. 1983) (retaliation against employee for the assertion of Title VII rights can constitute irreparable harm given "the distinct risk that other employees may be deterred from protecting their rights under the Act or from providing testimony for the plaintiff in her effort to protect her own rights"); *Mullins v. City of New York*, 626 F.3d 47,

5

55 (2d Cir. 2010) (upholding grant of a preliminary injunction prohibiting NYPD from retaliating against police officers who had been plaintiffs in a Fair Labor Standards Act lawsuit against it). Plaintiffs-Appellants argue that these cases show that TSI's retaliation against them for asserting statutory rights under the consumer protection statutes must in and of itself constitute irreparable harm sufficient to support a preliminary injunction.

Plaintiffs-Appellants are incorrect. First, *Holt* and *Mullins* took place in the employment context. An employer's retaliation against an employee bears little analogy to a business's retaliation against a consumer. Employees facing the prospect of discharge, demotion, or salary reduction often face significant hurdles to finding a new job, while consumers facing the prospect of lost access to a particular good or service can generally find an adequate replacement elsewhere in the marketplace.[2] Second, *Holt* makes clear that even an *employer's* retaliatory conduct does not *necessitate* a finding of irreparable injury. *See id.* at 91 (rejecting a "presumption of irreparable injury in every action by a plaintiff alleging a retaliatory discharge"). Therefore, even assuming *Holt* applies in the consumer protection context, the district court was still free to conclude that on the record here, Plaintiffs-Appellants failed to demonstrate irreparable harm arising from TSI's admitted acts of retaliation. TSI points out that Pisarri and Jasmin were able to recruit seven additional named plaintiffs for their federal court complaint even after TSI had cancelled Pisarri's and Jasmin's memberships. This fact undermines Plaintiffs-Appellants' claim that TSI's retaliatory conduct irreparably harmed Plaintiffs-Appellants' assertion of their statutory rights in *this* case. Under these circumstances, we cannot say that the district court's conclusion

---

[2] And to the extent that such replacement is more expensive to the consumer, an award of damages would provide adequate compensation.

6

that Plaintiffs-Appellants have not shown irreparable harm is outside "the range of permissible decisions." *Kickham Hanley*, 558 F.3d at 209.

Given our conclusion above, we need not analyze whether Plaintiffs-Appellants have shown "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Merkos L'Inyonei*, 312 F.3d at 96. With permissible grounds for its finding that irreparable harm was absent, the district court did not abuse its discretion in denying the preliminary injunction that Plaintiffs-Appellants seek.

                                    *       *       *

We have considered all of Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                                             FOR THE COURT:
                                             Catherine O'Hagan Wolfe, Clerk