19-1493-cv
*Oliver v. New York State Police, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty.

PRESENT:  JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
                    *Circuit Judges.*

_____

JEAN C. OLIVER,

                    *Plaintiff-Appellant,*                    19-1493-cv

          v.

NEW YORK STATE POLICE, JOSEPH D'AMICO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, FRANCIS CHRISTENSEN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, MICHAEL CERRETTO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, WAYNE OLSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, STEVEN NIGRELLI, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, MARTIN MCKEE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, TIMOTHY OWENS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, PAUL KELLY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, TIMOTHY BOUR, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, GARY KOPACZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY,

                    *Defendants-Appellees.*

FOR PLAINTIFF-APPELLANT: JEAN C. OLIVER, *pro se*, Elma, NY.

FOR DEFENDANTS-APPELLEES
New York State Police, Joseph D'Amico,
Francis Christensen, Michael Cerretto,
Wayne Olson, Steven Nigrelli, Timothy Owens,
Paul Kelly, Timothy Bour and Gary Kopacz: DANIEL J. MOORE, Harris Beach LLC, Pittsford, NY.

FOR DEFENDANT-APPELLEE Martin McKee: LISA F. JOSLIN, Gleason, Dunn, Walsh & O'Shea, Albany, NY.

Appeal from a May 6, 2019 order of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Appellant Jean Oliver sued her former employer, the New York State Police ("NYSP"), its former superintendent, Joseph D'Amico, and others for employment discrimination and retaliation. She generally alleged she was sexually harassed and fired based on falsified disciplinary charges when she complained about the harassment, and that the NYSP failed to properly follow its procedures for disciplinary hearings. In 2019, four months after deposing D'Amico and learning that he had failed to follow those procedures, Oliver moved, *pro se*, for a preliminary injunction seeking reinstatement to her former position as an NYSP investigator. The District Court denied the injunction because Oliver had not shown irreparable harm and her delay in filing her motion undermined any argument that she would suffer irreparable harm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have jurisdiction to review an interlocutory appeal from the denial of a preliminary injunction. *See* 28 U.S.C. § 1292(a)(1). We review a decision on a motion for a preliminary injunction for abuse of discretion. *Grand River Enter. Six Nations, Ltd.v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). A district court abuses its discretion if it relies on a clearly erroneous evaluation of the evidence or applies the wrong legal standard. *Id.*

The District Court did not abuse its discretion by denying Oliver's motion for a preliminary injunction. A party seeking a preliminary injunction against governmental action must demonstrate (1) that it is likely to suffer irreparable harm absent an injunction and (2) a likelihood of succeeding on the merits. *Trump v. Deutsche Bank AG*, 943 F.3d 627, 635–37 (2d Cir. 2019), *vacated on other*

2

*grounds*, --- S. Ct. ----, 2020 WL 3848061 (2020). Irreparable harm "is the single most important prerequisite." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted).

To show irreparable harm, "[t]he movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (internal quotation marks omitted). Irreparable harm exists "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249–50 (2d Cir. 1999).

The District Court applied the correct legal standard. We need not decide whether it was an abuse of discretion for the District Court to conclude that Oliver's delay in seeking a preliminary injunction alone undermined a claim of irreparable harm because we conclude that, even absent delay, her injuries were not irreparable. "As a general matter, because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm." *Brenntag Int'l Chems., Inc.*, 175 F.3d at 249. However, the irreparable-harm requirement might be satisfied if a monetary award would cause the movant to go bankrupt absent interim relief. *Miss Am. Org. v. Mattel, Inc.*, 945 F.2d 536, 546 (2d Cir. 1991).

Oliver argues that, absent a preliminary injunction, she (1) was unlikely to be reinstated by the NYSP in time to earn a pension; (2) had been unable to secure employment by other law enforcement agencies and suffered from a loss of reputation as a result of her termination; (3) had been forced to start a small business as a result of her termination, but might lose the business if she was not reinstated; and (4) had been forced to take work in the military and live separately from her family while on tours of duty. But "irreparable harm is not [generally] established in employee discharge cases by financial distress or inability to find other employment, unless truly extraordinary circumstances are shown." *Holt v. Continental Grp., Inc.*, 708 F.2d 87, 90–91 (2d Cir. 1983) (citing *Sampson v. Murray*, 415 U.S. 61, 91–92 & n.68 (1974)). Although irreparable harm may be shown in retaliatory discharge cases where there is evidence that the plaintiff's termination chilled other employees' ability to report discrimination or from providing the plaintiff with evidence to support her claim, *see id.* at 91, no such argument is made here. Nor does Oliver argue that she was facing bankruptcy or financial insolvency as a result of her unemployment. Oliver has maintained employment in the military and runs a small business with her family. Oliver's loss of reputation and difficulty finding other employment also does not constitute an irreparable injury. *Sampson*, 415 U.S. at 91–92; *Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992). Although Oliver's separation from her family may be the type of "extraordinary circumstance[]" contemplated in *Holt*, we are not persuaded that such circumstances were demonstrated in this case.

3

Because Oliver did not show irreparable harm, which is "an absolute requirement for a preliminary injunction," *Holt*, 708 F.2d at 90, the District Court did not abuse its discretion by denying her motion.

In short, we are affirming the District Court's denial of a preliminary junction because, under our standard for obtaining a preliminary injunction, Oliver still has available to her a remedy at law in the form of money damages. We note, however, that nothing in this order should be construed as our casting any doubt on the merits of Oliver's claims in the underlying litigation. Indeed, we found entirely plausible Oliver's explanation for the four-month delay in seeking an injunction. We expressly reject the proposition stated by counsel for Appellees at oral argument that the issues in this appeal were "mooted" by the District Court's grant of summary judgment to Appellees with respect to Oliver's wrongful discharge claim. Accordingly, particularly because Oliver has retaliation claims that are still pending before the District Court, this order does not foreclose any potential remedies available to Oliver when the case proceeds upon remand, including reinstatement.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the May 6, 2019 order of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4