NO SPRAY COALITION, INC., National Coalition against the Misuse of Pesticides, Inc., Disabled In Action, Inc., Save Organic Standards of New York by its President Howard Brandstein, Valerie Sheppard, Mitchel Cohen, Robert Lederman, and Eva Yaa Asantewaa, Plaintiffs–Appellants,

v.

The CITY OF NEW YORK, Rudolph Giuliani, as Mayor of the City of New York, The Department of Health of the City of New York, Neal Cohen, Commissioner of the Department of Health of the City of New York, The Office of Emergency Management of the City of New York, and Richard Sheirer, Commissioner of the Office of Emergency Management for the City of New York, Defendants–Appellees.

Docket No. 00–9368.

United States Court of Appeals, Second Circuit.

Argued April 27, 2001.

Decided June 5, 2001.

Karl S. Coplan, Pace Environmental Litigation Clinic, Inc., White Plains, NY (Christopher Rizzo, Joel R. Kupferman and Beth Wilson, on the brief), for Plaintiffs–Appellants.

George Gutwirth, Office of the Corporation Counsel of the City of New York, New York, NY (Michael D. Hess, Corporation Counsel of the City of New York and Francis F. Caputo, Assistant Corporation Counsel, on the brief), for Defendants–Appellees.

Before JACOBS, PARKER and KATZMANN, Circuit Judges.

PER CURIAM:

In an effort to control West Nile Virus—a fatal, mosquito-borne disease—the City of New York last summer undertook an insecticide spraying program, and may renew that program in the summer of 2001. Plaintiffs appeal an order of the United States District Court for the Southern District of New York (Martin, J.), denying, inter alia, a preliminary injunction against the renewed spraying and dismissing their claim under the citizen suit provision of the Resource Conservation Recovery Act ("RCRA"), 42 U.S.C. §§ 6972(a)(1)(A) and (B). Our jurisdiction extends to the district court's denial of the preliminary injunctive relief as well as the dismissal of plaintiffs' claims. *See* 28 U.S.C. § 1292(a); *SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharmaceuticals*, 211 F.3d 21, 25 (2d Cir.2000) (appellate courts may "dismiss the complaint on the merits if its examination of the record upon an interlocutory appeal reveals that the case is entirely void of merit").

## I.

The RCRA provides for an injunction where:

the past or present handling, storage, treatment, transportation, or *disposal* of *any solid* or hazardous *waste* [ ] may present an *imminent and substantial endangerment* to health or the environment. . . .

*Id.* § 6972(a) (emphasis added). The term "solid waste"

means any garbage, refuse, sludge, from a waste treatment plant, water supply treatment plant, or air pollution control facility and *other discarded material*
. . . .

*Id.* § 6903(27) (emphasis added).

Plaintiffs claim, in essence, that (i) the spraying of the pesticides constitutes the "disposal" of a "solid waste" in a manner that renders it "discarded material" causing "imminent and substantial endangerment" to people, and (ii) the spraying into the air of densely populated areas is in violation of the label instructions and this improper use constitutes disposal of a hazardous solid waste without a permit, in violation of 42 U.S.C. § 6925(a).

## II.

We review the district court's denial of a preliminary injunction for abuse of discretion, see *SG Cowen Securities Corp. v. Messih,* 224 F.3d 79, 81 (2d Cir.2000), and we are "free to affirm an appealed decision on any ground [that] finds support in the record." *Beal v. Stern,* 184 F.3d 117, 122 (2d Cir.1999).

Ordinarily, a preliminary injunction may be granted when the party seeking the injunction establishes that "1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.,* 175 F.3d 266, 270 (2d Cir.1999). But when, as here, the moving party seeks a preliminary injunction that will affect "government action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." *Beal,* 184 F.3d at 122 (internal quotations omitted). And, when the injunction sought "will alter rather than maintain the status quo" the movant must show "clear" or "substantial" likelihood of success. *Rodriguez v. DeBuono,* 175 F.3d 227, 233 (2d Cir.1999) (internal citations and quotations omitted).

The district court did not abuse its discretion in denying injunctive relief. Plaintiffs argue that "[o]nce pesticides are sprayed onto or into the air, land, and waters of New York City, they become discarded solid wastes within the meaning of RCRA § 1004(27)." But we have indicated that material is not discarded until after it has served its intended purpose.

*Cf. Connecticut Coastal Fishermen's Assoc. v. Remington Arms Co.,* 989 F.2d 1305, 1316 (2d Cir.1993). We therefore agree with the district court that the pesticides are not being "discarded" when sprayed into the air with the design of effecting their intended purpose: reaching and killing mosquitoes and their larvae.

Plaintiffs argue that defendants' use (spraying along city streets) was contrary to the pesticides' labeling instructions (which permit use in wooded areas and grassy pastures), and that this improper use is tantamount to disposal of a hazardous solid waste without a permit, in violation of 42 U.S.C. § 6925(a). A use contrary to the label instructions would arguably violate the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136–136y; but FIFRA is not enforceable by a private right of action. Plaintiffs thus seek to stretch RFRA to cover conduct arguably regulated under FIFRA, so that RCRA's private right of action can be mobilized to vindicate FIFRA. The enforcement of FIFRA, however, is confided by Congress to the government alone. *See Almond Hill School v. USDOA,* 768 F.2d 1030, 1038 (9th Cir.1985) (citing Conf. Rep. No. 92–1540, *reprinted in* 1972 U.S.Code Cong. & Ad. News 4130, 4134) ("[An] explicit rejection of a proposed amendment to authorize private suits is a strong indication that Congress was opposed to private actions to enforce the provisions of FIFRA.").

The denial of the preliminary injunction and the dismissal of the claims under the RCRA are affirmed.