Matricia MOORE, Plaintiff–Appellant,

v.

CONSOLIDATED EDISON COMPANY
OF NEW YORK, INC. and John
Morrill, Defendants–Appellees.

Docket No. 03–9281.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 14, 2005.

Decided: June 2, 2005.

Stephen T. Mitchell, New York, NY, for plaintiff-appellant.

Jonathan A. Fields (Mary Schuette and Eva Martinez, on the brief), New York, NY, for defendants-appellees.

Before: SOTOMAYOR and KATZMANN, Circuit Judges, and CEDARBAUM, District Judge.*

SOTOMAYOR, Circuit Judge.

Plaintiff-appellant Matricia Moore ("plaintiff" or "Moore") appeals from a judgment entered in the United States District Court for the Southern District of New York (Michael B. Mukasey, J.) denying her motion for an order to show cause seeking a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff also appeals the denial of an evidentiary hearing on her motion for preliminary relief. Because we agree with the district court that there is no evidence that defendants have intimidated plaintiff or other witnesses from participating in litigation, we hold that the court did not abuse its discretion in denying preliminary relief or the request for an evidentiary hearing.[1]

## BACKGROUND

■ Plaintiff, an African–American woman, filed a motion for preliminary injunctive relief in October 2003 in connection with two discrimination lawsuits before the United States District Court for the Southern District of New York. The first of these lawsuits, filed in September 2000 against Consolidated Edison Corp. ("Con Ed"), alleged violations of the Family and Medical Leave Act, *see* 29 U.S.C. § 2601 *et seq.*, and 42 U.S.C. § 1981, as well as violations of New York State Executive Law § 296. Plaintiff filed the second lawsuit in February 2003 against her supervisor at Con Ed, John Morrill (collectively with Con Ed, "defendants") alleging violations of 42 U.S.C. § 1981, New York

Executive Law § 296 and New York City Administrative Code § 8–502.[2]

The alleged conduct underlying the complaints involved years of racially and sexually offensive misconduct. For example, according to plaintiff, her white male supervisor spoke to her about sexual fantasies involving plaintiff and told her on one occasion that "back in the old days you would be having my baby." Plaintiff further alleges that defendants attempted to derail her career at the company after she complained about unlawful discrimination by refusing to assist her professional development, sabotaging her work and giving her an unjustifiably poor performance review. In one performance evaluation in the record, the employer criticized plaintiff for "perpetuating her claims of harassment and discrimination," which in the employer's view evinced an objective "to undermine the morale of [the] department, and to cause division in the office." The report referred to the discrimination claims as "unsubstantiated" and warned that "[u]ntil [plaintiff's] attitude changes . . . there will be no opportunity for future development in this organization." The evaluation also criticized plaintiff for being antagonistic at work, causing disruptions, disrespecting internal procedures, failing to respond

1. We initially disposed of this appeal by a summary order issued on March 1, 2005. *See Moore v. Consolidated Edison Co. of N.Y.*, No. 03–9281, 2005 WL 481571 (2d Cir. Mar.1, 2005). In response to a request from appellant's counsel dated March 7, 2005, we now convert our original order into a published opinion. Though this opinion provides substantially more detail with respect to the reasoning underlying our original disposition of the case—particularly with regard to our jurisdiction to hear the appeal—we note that our holding on the merits is identical to that of the original order.

2. Though plaintiff contends in her brief that she also brought actions pursuant to Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, no such claim appears in

either of the complaints. A Title VII claim does appear in an amended complaint in the plaintiff's appendix to her brief. We find no evidence, however, that the district court accepted this amended complaint. Defendants argue in their response brief that plaintiff never submitted the amended complaint to the district court, and plaintiff fails to respond to that allegation in her reply brief. The lack of a Title VII claim is not fatal to plaintiff's retaliation claim, however, because retaliation claims are also cognizable under § 1981 where the allegations provoking the retaliation involved racial discrimination. *See Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2d Cir.1998); *Choudhury v. Polytechnic Inst. of N.Y.*, 735 F.2d 38, 42–43 (2d Cir. 1984).

promptly to requests from her managers and failing to complete projects assigned to her. The report described plaintiff's contributions to the department as "immaterial at best."

Shortly after receiving this negative evaluation, plaintiff sought a preliminary injunction enjoining defendants from "seeking to intimidate" her as a witness in federal civil rights litigation "by unlawfully disciplining her and terminating her from employment." She contended that defendants were threatening her and retaliating against her because she had agreed to serve as a witness in other cases against Con Ed. She alleged that the defendants sought to cause her "permanent harm" at a time when she suffered post-traumatic depression—a condition for which Con Ed had allegedly been found responsible in a workers' compensation proceeding. As part of her effort to secure a preliminary injunction, plaintiff also requested a hearing so that the district court would be "presented with a full and fair account of the defendants' efforts to intimidate witnesses."

The district court denied plaintiff's motion on October 31, 2003. Chief Judge Michael B. Mukasey rejected the request for a preliminary injunction primarily on the ground that plaintiff did not demonstrate irreparable injury. He further rejected the request for a hearing, holding that "[a]bsent any issue to try, there is no occasion for a hearing." Shortly after the district court denied the preliminary injunction, defendants terminated plaintiff's employment. Plaintiff filed a timely appeal.

**3.** We address the jurisdictional issue notwithstanding the fact that our opinion rejects Moore's appeal on the merits, because "a federal court may not, by the exercise of the doctrine of hypothetical jurisdiction, decide a

## DISCUSSION

We address first an Article III jurisdictional issue.[3] Both parties agree that shortly after the district court denied the preliminary injunction, defendants terminated plaintiff's employment. This raises the issue of mootness, because " '[i]n general, an appeal from the denial of a preliminary injunction is mooted by the occurrence of the action sought to be enjoined.' " *Knaust v. City of Kingston,* 157 F.3d 86, 88 (2d Cir.1998) (quoting *Bank of New York Co. v. Northeast Bancorp, Inc.,* 9 F.3d 1065, 1067 (2d Cir.1993)); *see Altman v. Bedford Cent. Sch. Dist.,* 245 F.3d 49, 69 (2d Cir.2001) ("[I]f the plaintiff loses standing at any time during the pendency of the proceedings in the district court or in the appellate courts, the matter becomes moot, and the court loses jurisdiction.").

A possible exception to this rule exists, however, where a court can feasibly *restore* the status quo. *See Garcia v. Lawn,* 805 F.2d 1400, 1402–04 (9th Cir.1986) (holding that appeal from the denial of preliminary injunction was not rendered moot by the termination of appellant's employment, because the court retained the power to reinstate the employment); *Bastian v. Lakefront Realty Corp.,* 581 F.2d 685, 691 (7th Cir.1978) (holding that appeal from denial of preliminary injunction is not rendered moot where district court has power to restore status quo); *see also Garcia,* 805 F.2d at 1403 ("[T]he question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief."). This

case on the merits before resolving whether the court has Article III jurisdiction." *United States v. Miller,* 263 F.3d 1, 4 n. 2 (2d Cir. 2001).

Court has reserved the question of whether to recognize such an exception to the mootness doctrine. *See Savoie v. Merchs. Bank*, 84 F.3d 52, 59 n. 5 (2d Cir.1996) (citing *Bank of New York Co.*, 9 F.3d at 1067); *see also Knaust*, 157 F.3d at 88 n. 1. We now hold that under the facts of the instant case, such an exception exists.

The occurrence of the action sought to be enjoined normally moots the request for preliminary injunctive relief because this Court has " 'no effective relief to offer' " once the action has occurred. *Id.* at 88 (quoting *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 621 (1st Cir.1995)). In this case, however, we do not lack the ability to offer effective relief, because an order of injunctive relief requiring reinstatement of plaintiff could negate or at least substantially mitigate the adverse effects of one of the "irreparable harms" the plaintiff fears—the intimidation of witnesses in her ongoing litigation against defendants—by signaling to employees that defendants may not legally fire them for offering to testify in a discrimination suit. *See Holt v. Cont'l Group, Inc.*, 708 F.2d 87, 90–91 (2d Cir.1983) (holding that a district court may in some circumstances grant a preliminary injunction ordering that a defendant in a discrimination case reinstate a plaintiff employee who has already been fired if court finds that defendant's firing of plaintiff presents risk of intimidating other employees from testifying against defendant). Under these circumstances, the typical concerns requiring a dismissal on mootness grounds do not apply. *Compare, e.g.,*

*United States v. Ciccone*, 312 F.3d 535, 544 (2d Cir.2002) (dismissing an appeal as moot because "it would be *impossible* " for the Court "to grant *any* effectual relief whatever" to the appealing party (emphasis added) (citation and internal quotation marks omitted)).[4] We therefore hold that the instant appeal is not moot.

■■■ We turn next to the merits of plaintiff's request for preliminary injunctive relief. District courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) " 'that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party.' " *No Spray Coalition, Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir.2001) (per curiam) (quoting *Otokoyama Co. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir.1999)). Such relief, however, " 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.' " *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (emphasis and citation omitted). Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); *see also Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest.*

---

4. Our conclusion is a natural, if not inevitable, extension of the well established principle that "where a defendant with notice in an injunction proceeding completes the acts sought to be enjoined the court may by mandatory injunction restore the status quo." *Porter v. Lee*, 328 U.S. 246, 251, 66 S.Ct.

1096, 90 L.Ed. 1199 (1946); *see Savoie*, 84 F.3d at 58–59 & n. 5 (citing *Porter*, 328 U.S. at 251, 66 S.Ct. 1096); *see also Paris v. United States Dep't of Hous. & Urban Dev.*, 713 F.2d 1341, 1344–45 (7th Cir.1983); *Humble Gas Transmission Co. v. Miss. Power & Light Co.*, 430 F.2d 1003, 1004 n. 2 (5th Cir.1970).

*Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir.2001). The district court has wide discretion in determining whether to grant a preliminary injunction, and this Court reviews the district court's determination only for abuse of discretion. *See Green Party of N.Y. v. N.Y. State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir.2004); *Columbia Pictures Indus., Inc. v. Am. Broad. Cos.*, 501 F.2d 894, 897 (2d Cir. 1974).

The district court denied plaintiff's motion for a preliminary injunction on the ground that there was no showing of irreparable injury. Specifically, the court held that "the performance evaluation in question does not itself cause irreparable injury, nor does it threaten termination." The district court held in the alternative that even if termination did occur, "any resulting injury" would be "fully compensable in money damages." Finally, the court added that the "suggestion of irreparable psychological harm [was] sheer speculation," and that "even assuming *arguendo* that the threat of harm to third parties may be considered," plaintiff lacked third party standing to sue on others' behalf.

■■■ We affirm the district court's conclusions that the negative evaluation was insufficient to demonstrate irreparable harm and that the claim of psychological harm was too speculative to warrant preliminary relief. While claims of emotional and physical harm may in some circumstances justify preliminary injunctive re-

lief, *see Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 333 (2d Cir.1995), the district court did not abuse its discretion in rejecting such claims here. *See Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir.2002) (noting that preliminary relief cannot be founded on "remote or speculative" harms); *see also Guitard v. United States Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992) ("[T]he injuries that generally attend a discharge from employment—loss of reputation, loss of income and difficulty in finding other employment—do not constitute the irreparable harm necessary to obtain a preliminary injunction." (citing *Sampson v. Murray*, 415 U.S. 61, 89–92, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974))). We also affirm the court's holding that the alleged harm to third parties did not provide plaintiff a basis for a preliminary injunction in this case. Even if Moore had standing to raise the rights of other employees, there was no evidence to support her allegation that she was being intimidated from testifying on her co-workers' behalf.[5] On the contrary, plaintiff had been an active participant in litigation against Con Ed for several years.

■■■ To the extent that the district court implied in its order that injuries resulting from retaliatory termination are always compensable in money damages, we disagree. As we held in *Holt*, "[a] retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights un-

5. We may exercise hypothetical jurisdiction and rule on the merits of this question because third-party standing requirements—unlike mootness requirements—are prudential rather than constitutional in nature. *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 643 (2d Cir.1988). The bar on hypothetical jurisdiction applies only to questions of Article III jurisdiction. *See In re Arbitration between Monegasque De Reassurances S.A.M. v. Nak Naftogaz*, 311 F.3d 488, 497 (2d Cir.2002);

*Grand Council of Crees v. Fed. Energy Regulatory Comm'n*, 198 F.3d 950, 959–60 (D.C.Cir. 2000). We decline to address whether prudential third-party standing requirements apply to Moore's claims. *Cf. Leibovitz v. New York City Transit Auth.*, 252 F.3d 179, 186 (2d Cir.2001) (noting that it remains unresolved in this Circuit whether and to what extent prudential limits on standing apply to Title VII actions).

der the [law] or from providing testimony for [a] plaintiff in [his or] her effort to protect [his or] her own rights. These risks may be found to constitute irreparable injury." [6] 708 F.2d at 91. The district court's suggestion to the contrary, however, does not provide a ground for reversal here, because plaintiff did not offer any evidence that witnesses in this case would be intimidated from testifying on plaintiff's behalf. *See id.* (holding that there was no *presumption* of irreparable injury in retaliatory discharge cases). Though the negative employment evaluation sharply criticizes plaintiff for her participation in the litigation, plaintiff did not allege that other employees were aware of this evaluation, much less intimidated by it. Nor did plaintiff allege that she herself was intimidated from participating in litigation against defendants. Thus, while a retaliatory discharge may in some cases intimidate witnesses and thereby inflict irreparable harm, *see id.*, the district court did not abuse its discretion in concluding that there was no risk of such irreparable harm presented here.

Because the record is devoid of any evidence of witness intimidation, we also affirm the district court's denial of an evidentiary hearing on the motion for preliminary relief. *See Charette v. Town of Oyster Bay,* 159 F.3d 749, 755 (2d Cir.1998) (noting that an evidentiary hearing is not required when, *inter alia,* disputed facts are amenable to complete resolution on a paper record).

---

**6.** The holdings of *Savage v. Gorski,* 850 F.2d 64 (2d Cir.1988), and *American Postal Workers Union v. United States Postal Service,* 766 F.2d 715 (2d Cir.1985), relied upon by appellee, are not to the contrary. In both *Savage* and *American Postal,* we observed that preliminary injunctive relief would likely be ineffective, because the alleged irreparable harm—there, the chilling of speech protected by the First Amendment—stemmed " 'not from the interim discharge but from the threat of permanent discharge, which is not vitiated by an interim injunction.' " *Savage,* 850 F.2d at 68 (quoting *American Postal,* 766 F.2d at 722). Read out of context, this language may seem to suggest that preliminary relief is never warranted in retaliatory discharge cases, because preliminary relief can never fully extinguish the threat of permanent discharge. We do not, however, read *American Postal* or *Savage* as sweeping so broadly, or as overruling *Holt sub silentio. See In re Sokolowski,* 205 F.3d 532, 534–35 (2d Cir.2000) (explaining that a panel of this Court may not overrule the holding of an earlier panel unless the earlier panel's rationale is overruled, implicitly or expressly, by the Supreme Court or by this Court sitting *en banc* ). When we expressed doubt in *Savage and American Postal* regarding the usefulness of preliminary injunctive relief as opposed to permanent relief, we did not confront the sort of circumstance present in *Holt,* where immediate relief was the *only* form of relief that could mitigate the alleged harm of witness intimidation in the ongoing proceedings. Our precise holdings in *American Postal* and *Savage* were narrow, relying heavily on the fact that the plaintiffs had failed to allege a sufficiently severe or clear violation of First Amendment rights. *See Savage,* 850 F.2d at 67 (noting that while a preliminary injunction may be issued where employees are threatened with discharge for refusing to change their political affiliation, the appellees did not allege that degree of coercion); *American Postal,* 766 F.2d at 722 ("[A]ppellees herein have failed to allege a clearcut infringement of [F]irst [A]mendment rights which, absent preliminary injunctive relief, either has occurred or will occur ...."); *see also Savage,* 850 F.2d at 68 (holding that because "reinstatement and money damages could make appellees whole for any loss suffered during this period, their injury [wa]s plainly reparable"). We do not read these holdings as inconsistent with the case-by-case approach to requests for preliminary relief based on witness intimidation that we adopted in *Holt.* Finally, we note that *Savage* and *American Postal* are distinguishable because they involved retaliation claims brought by government employees; we apply "a particularly stringent standard for irreparable injury in government personnel cases." *American Postal,* 766 F.2d at 721.

In her brief on appeal, plaintiff also includes claims under 42 U.S.C. § 1985(2) and (3), as well as under 18 U.S.C. § 1512. Plaintiff did not include these claims in her complaint or in her motion for preliminary relief; nor did the district court discuss them. We therefore do not address them. *See Sniado v. Bank Austria AG,* 378 F.3d 210, 213 (2d Cir.2004).

## CONCLUSION

For the foregoing reasons, the judgment of the district court denying preliminary injunctive relief and an evidentiary hearing is AFFIRMED.