**PIRTEK USA, LLC, Plaintiff,**

v.

**Irwin ZAETZ, Hydraulic Hose and Service, LLC, Peter Zaetz and Hose Medic LLC, Defendants.**

**No. 3:05–CV–1002 (AVC).**

United States District Court, D. Connecticut.

Dec. 14, 2005.

Craig P. Miller, Gray Plant Mooty Mooty & Bennett, William L. Killion, Faegre & Benson, Minneapolis, MN, Kevin M. Kennedy, Wiggin & Dana, New Haven, CT, for Plaintiff.

Frederic P. Rickles, Gilbride, Tusa, Last & Spellane, Greenwich, CT, Robert F. Salkowski, Robert Zarco, Zarco Einhorn Salkowski & Brito, P.A., Miami, FL, for Defendants.

### RULING ON THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

COVELLO, District Judge.

This is a motion for injunctive relief arising out of the termination of a franchise agreement between the plaintiff, Pirtek USA, LLC ("Pirtek"), and the defendants Irwin Zaetz and Hydrolic Hose and Service, LLC ("HHS"). It is brought pursuant to the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1051, et seq, and common law tenets concerning breach of contract. Pirtek has filed the within motion for preliminary injunction asking that the defendants, Irwin Zaetz, HHS, Peter Zaetz and Hose Medic, LLC, be enjoined from: 1) infringing upon Pirtek's tradename, trademarks and service marks in violation of the Lanham Act; 2) operating a competing hose installation and repair business in violation of a covenant not to compete; and 3) violating the post-termination provisions of a franchise agreement.

On September 15 and 16, and November 22, 2005, the court held a hearing. Having considered the evidence presented at the hearing, as well as the parties' pre- and post-hearing submissions, the court concludes that Pirtek has failed to meet the standard required for a preliminary injunction. The motion (document no. 5) is therefore DENIED.

### FACTS

In September of 1999, Pirtek entered into a Franchise Agreement with HHS whereby HHS received a license to operate a PIRTEK business. PIRTEK is a "business system" consisting of the sale, assembly and installation of industrial and hydraulic hoses, fixed tube assemblies and related components and services. In September of 2003, Pirtek and HHS entered into an Addendum to the Franchise Agreement whereby Irwin Zaetz agreed to be personally bound by the Franchise Agreement. The Franchise Agreement contains a covenant not to compete whereby the franchisee (i.e. Irwin Zaetz) may not, in a limited geographic area, engage in business similar to the PIRTEK business for two years after expiration or termination of the Franchise Agreement. On April 22, 2005, the Franchise Agreement was terminated (the parties disagree as to the reason for termination). In June of 2005, Pirtek sold the franchise previously owned by Irwin Zaetz to one Ashely Geddes. Geddes has since operated the same PIRTEK business that Irwin Zaetz did when he was the franchisee.

Currently, Peter Zaetz, who is Irwin Zaetz' son, is operating a business called Hose Medic. Hose Medic was officially organized on March 8, 2005. In the beginning of May 2005, Hose Medic became a licensed distributor of Parker hoses and products. Hose Medic performs substantially the same mobile service as HHS did and operates in a similar geographic area. The registered address of Hose Medic is the same address as Irwin Zaetz' home address as well as the registered address of HHS.

However, Pirtek does not allege that Hose Medic is at present operated by HHS and Irwin Zaetz, or that Hose Medic

is at present a front company created by Irwin Zaetz and his son Peter for the purpose of avoiding the covenant not to compete. In fact, Pirtek concedes that had Peter Zaetz started Hose Medic today and run it the way he is it running it today, i.e. without his father's assistance, there would be no legal dispute.

Instead, Pirtek alleges that in the approximately two month period of March and April of 2005, when Irwin Zaetz was winding down HHS and Peter Zaetz was starting Hose Medic, Peter Zaetz aided and abetted his father in breaching the covenant not to compete. This two month period is the time where Peter Zaetz was not a Parker distributor but, according to Pirtek, operated essentially as a Pirtek business with the help of his father. Of particular importance to Pirtek is its allegation that the goodwill that HHS had created as a Pirtek franchisee was illegally transferred to Hose Medic.

### STANDARD

■ The general standard for issuance of a preliminary injunction is well established. A party seeking a preliminary injunction must demonstrate: 1) irreparable harm; and 2) either (a) a likelihood of success on the merits of the underlying claim; or (b) sufficiently serious questions going to the merits of the claim so as to make it a fair ground for litigation and a balance of the hardships tips decidedly toward the moving party. *Moore v. Consolidated Edison Co.*, 409 F.3d 506, 510 (2d Cir.2005).

■ "To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir.2002) (internal citation and quotation marks omitted). A past injury is insufficient to establish irreparable harm. *Deshawn v. Safir*, 156 F.3d 340, 344 (2d Cir.1998).

### *DISCUSSION*

#### 1. Trademark infringement

Pirtek first argues that the defendants are infringing upon Pirtek USA's trade name, trademarks and service marks in violation of the Lanham Act. Specifically, Pirtek alleges the following infractions:

A. A credit application submitted to a supplier of hydraulic components where Hose Medic states that it is "taking over the business of Pirtek Fairfield, or Hydraulic Hose & Service." It also asks that its "past history as Pirtek Fairfield or Hydraulic Hose & Service" be taken into account when its application is considered.

B. An advertisement saying "Attention all Pirtek Fairfield customers. As of April 1st we are changing our name to Hose Medic Hose & Assemblies.... We will continue to supply the same 24/7 1 hour ETA mobile hose service that we have provided for the past 5 years."

C. The use of the words "hose and assemblies" in their business name and on the side of their vans.

D. The continued use of "the Cog" in their logo design.

E. The use of the name "Pirtek Fairfield" on superpages.com, an on-line business directory. Irwin Zaetz responds that he was unaware of this listing and it is now removed.

The defendants respond that they have "ceased using or displaying Pirtek's marks, have removed and/or destroyed all signs,

[and] have ceased the sale of all products bearing the Pirtek name."

### A. *Irreparable Harm*

█ The court is not persuaded that Pirtek has made a showing of irreparable harm. Of the infractions alleged by Pirtek, only two, the use of the words "hose and assemblies" and the use of the "Cog," appear to be ongoing and therefore appropriate objects for a motion for preliminary injunction. *Deshawn v. Safir*, 156 F.3d 340, 344 (2d Cir.1998). However, Pirtek does not assert that the words "hose and assemblies" are part of its trademark and the court finds that they are too general to plausibly engender confusion among consumers. The use of these words do not, therefore, give rise to the required irreparable harm. Furthermore, although the Pirtek "Cog" figure does have some resemblance to the figure used by Hose Medic, the figures do not appear so similar as to cause consumer confusion and thereby harm to Pirtek. This is even more clear when considering that the figures do not appear in isolation but are only displayed underneath the large typing of PIRTEK and Hose Medic respectively.

### B. *Likelihood of Success on the Merits*

█ "To prevail in a trademark infringement action under the Lanham Act, a plaintiff must prove…a probability of confusion, not a mere possibility, affecting numerous ordinary prudent purchasers." *Star Indus. v. Bacardi & Co.*, 412 F.3d 373, 384 (2d Cir.2005) (internal quotation marks and citations omitted).

█ As stated above, the court is not persuaded that either the use of the words "hose and assemblies" or the use of the "Cog," engender confusion among consumers. Nor can it plausibly be thought that the credit application would cause consumer confusion since it was not presented to consumers. The use of the name "Pirtek Fairfield" in an on-line business directory could cause consumer confusion but Pirtek concedes that the listings have now been removed. Finally, the advertisement also appears to have been a discreet event designed to alert customers of the name change of the business. It is not clear that a one-time flyer announcing a change of business name is sufficient to meet the Lanham Act criteria of consumer confusion, even though Michael Novia, a current employee of a Pirtek franchise and a former employee of Pirtek Fairfield has testified that it did confuse several customers. The court is therefore not persuaded that Pirtek has made a showing that it is likely to prevail on the merits of its claim.

### C. *Balance of the Hardships*

The plaintiff has made no attempt to show that the balance of the hardships tips decidedly toward it and the court is not persuaded that it does.

Because Pirtek has failed to meet the standard for a preliminary injunction with respect to its trademark infringement claim, this part of the motion is DENIED.

### 2. Violation of the covenant not to compete

Pirtek alleges that for a period of approximately two months, Hose Medic and Peter Zaetz operated a hydraulic hose and repair business in violation of the covenant not to compete signed by Irwin Zaetz and HHS. Pirtek alleges that Peter Zaetz is bound by the covenant despite not being a signatory to it because he aided and abetted his father in breaching the covenant.

Irwin Zaetz responds that he did not breach the covenant not to compete and Peter Zaetz responds that he is not bound by the covenant because he is not a signatory to it.

## A. *Irreparable Harm*

■ A considerable portion of the arguments presented by the parties concerns the applicability of Florida Statute § 542.335 (the Franchise Agreement specifies that Florida law is the governing law). Section 542.335 is relevant because it specifies that in the event that a covenant not to compete is breached, a presumption of irreparable harm is created. Fla. Stat. § 542.335(1)(j). However, since the section also states that "a court shall not enforce a restrictive covenant unless it is in a writing signed by the person against whom enforcement is sought," Fla. Stat. § 542.335(1)(a), and Peter Zaetz has not signed the covenant, there is a significant legal question as to whether the presumption of irreparable harm applies in this case. However, the court finds that the even if the statute does apply, the requisite irreparable harm is missing in this case. The court is therefore not required to determine whether or not the statute applies.

"Irreparable harm" in the context of a preliminary injunction means "a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002). In light of Pirtek's admissions that 1) Irwin Zaetz and HHS are not currently involved in the operation of Hose Medic or any other business that competes with Pirtek; and 2) that Peter Zaetz and Hose Medic, operating as a licensed Parker distributor, is not currently illegally competing with Pirtek, the court is unable to find the requisite *continuing* harm.

■ Furthermore, even if the harm is somehow continuing, there is simply no reason to think that it "cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation."

*Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir.2002). Pirtek argues that unless the defendants are enjoined from violating the non-compete agreement it will suffer: "(1) irreparable harm and loss of goodwill developed by having a presence in the territory for several years; (2) irreparable harm to its existing franchise relationships; and (3) irreparable harm to its franchise system." The court finds that each of these alleged harms can either be adequately addressed by final relief on the merits or can be adequately compensated for with money damages.

First, it is undisputed that Pirtek has sold a franchise in the territory formerly occupied by Irwin Zaetz. Pirtek is therefore continuing to have a presence and build goodwill in the territory. In addition, the court heard undisputed evidence at the hearing as to exactly how much any illegally acquired goodwill was worth. Pirtek's loss of goodwill, if any, can therefore be compensated with money damages.

Furthermore, although Pirtek is no doubt correct that the value of the Franchise Agreement will be severely diminished and its business model threatened unless it can enforce the covenant not to compete, a denial of this preliminary injunction does not mean that Pirtek will be unable to enforce the covenant. It simply means that Pirtek must seek to enforce it at a later stage of the legal proceedings.

Finally, Pirtek's claim of irreparable harm to its franchise system is unpersuasive. A denial of this preliminary injunction will not encourage other franchisees that they can abandon their franchise agreements as they may be held liable for doing so.

Therefore, even if the Florida Statute 542.335(1)(j) applies and there is a presumption of irreparable harm, that presumption is overcome. The court conse-

quently concludes that Pirtek has failed to establish that it will suffer irreparable harm if its motion for preliminary injunction is denied.

## B. *Likelihood of Success on the Merits*

 The court is persuaded that Pirtek has carried its burden with respect to showing a likelihood of success on the merits. Specifically, Pirtek has produced compelling indirect evidence that Irwin Zaetz, for a period of time, breached the covenant not to compete by assisting his son in establishing Hose Medic.

First, Hose Medic is located at the same address as HHS and Irwin Zaetz' home. Second, the mobile services provided by Hose Medic are substantially the same as those provided by HHS when it was in business. Third, it seems quite clear that Peter Zaetz represented to HHS' clients that he was continuing the same operation under a different name. Fourth, persuasive evidence was presented at the hearing that Peter Zaetz/Hose Medic made substantial monthly payments to Irwin Zaetz. The court does not find it believable that these payments could merely be payments for the leasing of equipment.

In light of the documentary evidence as well as the evidence presented at the hearing, the court concludes that Pirtek has demonstrated a likelihood of success on the merits.

However, because Pirtek has failed to demonstrate irreparable harm, this part of the motion is DENIED.

## 3. Violation of the Post–Termination Provisions

No evidence was presented at the hearing concerning the precise post-termination provisions of the Franchise Agreement that Pirtek alleges have been violated. However, to the extent that Pirtek's allegation concerns Peter Zaetz and Hose Medic, the court has already ruled on the issue. To the extent that the allegation concerns the failure of the defendants to cease using the PIRTEK name and trade marks, the court has also already ruled on the issue. To the extent that the allegation concerns a failure by Irwin Zaetz to return or sell certain materials (documents and equipment) to Pirtek, the court finds that Pirtek has failed to establish "a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir.2002).

Because Pirtek has failed to meet the standard for a preliminary injunction with respect to its allegation of violations of the post-termination provisions of the Franchise Agreement, this part of the motion is DENIED.

## CONCLUSION

Because Pirtek has failed to meet the standard required for a preliminary injunction, in particular that it would suffer irreparable harm, the motion for a preliminary injunction (document no. 5) is DENIED.