Thomas **BROWDY,** Plaintiff–Appellant,

v.

Theresa C. **LANTZ,** Neftali Rodriguez, Unit Manager Aldi, Program Coordinator Bradway, Counselor R.A. Murray, DHO, Defendants–Appellees.

No. 05–0110–cv.

United States Court of Appeals, Second Circuit.

May 23, 2006.

See, also, 2006 WL 389539.

Thomas Browdy, pro se, Hartford, CT, for Plaintiff–Appellant.

Robert B. Fiske, III, Assistant Attorney General (Richard Blumenthal, Attorney General, Connecticut, on the brief), Hartford, CT, for Defendants–Appellees.

Present: ROGER J. MINER, RICHARD C. WESLEY, Circuit Judges, and LAURA TAYLOR SWAIN, District Judge.[1]

**SUMMARY ORDER**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff brings this § 1983 action alleging that Theresa C. Lantz, Neftali Rodriguez, Aldi, Bradway, and R.A. Murray (collectively, "defendants"), employees of the Connecticut Department of Corrections ("DOC") and officials at the Northern Correctional Facility, violated his due process rights under the Fourteenth Amendment. Specifically, plaintiff contends that defendants classified him as a "security risk group safety threat member" under Administrative Directive 6.14 § 3 and, consequently, placed him in "close custody" pursuant to DOC regulations without adequate notice or sufficient evidence.

We assume, as the district court did, that plaintiff seeks a preliminary injunction, which is appealable on an interlocutory basis under 28 U.S.C. § 1292, rather than a temporary restraining order, which is not. *Cf. Huminski v. Rutland City Police Dep't*, 221 F.3d 357, 360–61 (2d Cir.2000) (per curiam) (suggesting that the denial of a motion labeled as a temporary restraining order could be appealable if the motion was, in fact, a preliminary injunction).

We also conclude that plaintiff has satisfied the jurisdictional requirements of Article III. Construing the language of plaintiff's motion liberally, as this Court does for *pro se* pleadings, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), we believe that plaintiff sought not only to be relieved of his confinement in "close custody" but also seeks to be relieved of his continuing post-incarceration status as a "safety threat member." For the same reason, plaintiff's release from incarceration does not render his claim moot.

We review the district court's denial of injunctive relief for abuse of discretion. *See Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 511 (2d Cir.2005). In the procedural due process context, "[t]he Supreme Court requires that, assuming the existence of a liberty interest, a prisoner placed in administrative segregation be provided 'some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation.'" *Taylor v. Rodriguez*, 238 F.3d 188, 192 (2d Cir.2001) (quoting *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). A district court may enter a mandatory preliminary injunction against the government only if it determines that (1) absent

---

1. The Honorable Laura Taylor Swain, United States District Court for the Southern District of New York, sitting by designation.

injunctive relief, the moving party will suffer "irreparable injury," and (2) the moving party has shown a "clear" or "substantial" likelihood that he will succeed on the merits of his claim. *Mastrovincenzo v. City of New York*, 435 F.3d 78, 89 (2d Cir.2006).

Plaintiff, however, has demonstrated neither an irreparable injury nor a clear or substantial likelihood of success on the merits. The fact that law enforcement possesses plaintiff's name and profile and knows that he was designated as a "safety threat member" does not constitute harm of such an immediate or irreparable nature so as to warrant injunctive relief. Likewise, as the record reveals, the notifications that plaintiff received indicated his prior designation as a "safety threat member" and that he had not completed the close custody program during his prior incarceration. These notifications also informed plaintiff that he was being readmitted to "safety threat member" status based upon this prior designation because, under Administrative Directive 6.14 § 14, this designation continued upon plaintiff's subsequent incarceration. Therefore, plaintiff is not likely to succeed on the merits of his underlying claim. We have considered plaintiff's remaining arguments and conclude that they are without merit.

Accordingly, for the reasons set forth above, the order of the district court denying injunctive relief is hereby **AFFIRMED.**