Henry **BENITEZ,** Plaintiff–Appellant,

v.

**L. DUQUETTE, C.O. at Clinton Correctional Facility, et al.,** Defendants–Appellees.

No. 07–2846–pr.

United States Court of Appeals, Second Circuit.

Sept. 22, 2008.

Henry Benitez, Malone, NY, pro se, Appellant.

Andrew M. Cuomo, Attorney General for the State of New York, Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General (Andrew B. Ayers, of counsel), Albany, NY, for Appellees.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. JED S. RAKOFF,* District Judge.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Appellant Henry Benitez, appearing *pro se* before us, appeals from the June 12, 2007 order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge* ) denying Benitez's motion for a preliminary injunction. Benitez sought an order directing appellees, who were employees of the New York State Department of Correctional Services or the Clinton Correctional Facility in Clinton County, New York, where Benitez was incarcerated, to supply Benitez with sufficient paper to enable him to prosecute the instant action, and other actions pending in the Northern District and Southern District of New York. We assume the parties' familiarity with the facts and procedural history of the case and the issues raised on appeal.

■ We have jurisdiction over Benitez's appeal from an interlocutory order refusing an injunction, pursuant to 28 U.S.C. § 1292(a)(1), inasmuch as the injunction sought is tied to the substance of Benitez's basic claims. This Court reviews a district court's denial of a preliminary injunction for abuse of discretion. *Doninger v. Niehoff,* 527 F.3d 41, 47 (2d Cir.2008). "A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor." *Id.*

We conclude that the district court did not abuse its discretion in denying Benitez's motion for a preliminary injunction. The record reflects that appellees have supplied Benitez with more paper than is typically provided to an inmate under similar circumstances, and that Benitez's access to paper products was restricted only after it was discovered that he was hoarding paper in his cell. Benitez has, moreover, not shown that he has been harmed by these restrictions imposed upon him. He does not dispute that he has been supplied with paper, and he offers only conclusory statements that he requires more than appellees have provided.

Subsequent to his motion for an injunction, Benitez filed several motions in the district court related to the instant action. He has been able to prosecute his appeal in this Court. He has also filed several motions in four unrelated pending actions in the Northern District of New York and the Southern District of New York. The district court properly held that Benitez did not show the requisite harm to warrant the issuance of an injunction.

■ Benitez further challenges the district court's refusal to hold an evidentiary hearing. We review a district court's decision not to hold such an evidentiary hearing for abuse of discretion. *United States v. Amico,* 486 F.3d 764, 779 (2d Cir.2007). We conclude that the district court did not abuse its discretion in deciding that the record before it was sufficient to allow it to decide the motion without a hearing. *See Moore v. Consolidated Edison Co. of New York,* 409 F.3d 506, 512 (2d Cir.2005); *Charette v. Town of Oyster Bay,* 159 F.3d 749, 755 (2d Cir.1998).

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.