SUMMARY ORDER
ON CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, and DECREED that the case is REMANDED for further proceedings.
Defendants the City of New York and the New York City Police Department (“the City”) appeal from an order of the district court, entered on March 21, 2008, and amended on April 10, 2008, preliminarily enjoining defendants from taking certain actions with regard to plaintiffs-appellees. On appeal, the City argues that the preliminary injunction was an abuse of discretion either because plaintiffs failed to demonstrate that a preliminary injunction was warranted or because the scope of the injunction is too broad. We assume the parties’ familiarity with the facts and procedural history of the case.
Plaintiffs sought preliminary relief based on two claims arising from the same set of facts. Plaintiffs assert (1) a claim for retaliation under section 215(a)(3) of the Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 215(a)(3) (making it unlawful to “discharge or in any other manner discriminate against any employee because such employee has filed any complaint ... [under the FLSA], or has testified or is about to testify in any such proceeding”), and (2) a claim for retaliation under the First Amendment.
To obtain a preliminary injunction, a party must “demonstrate[ ](1) irreparable harm and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions on the merits and a balance of hardships tipping decidedly in the movant’s favor.” Rosen v. Siegel, 106 F.3d 28, 32 (2d Cir.1997) (internal quotation marks omitted). Although the district court provided a lengthy discussion of these requirements, it is not clear from the district court’s analysis which of plaintiffs’ two claims — the FLSA retaliation or First Amendment retaliation — it found supported preliminary injunctive relief or whether either claim supports a preliminary injunction.
To the extent that the district court relied on plaintiffs’ First Amendment retaliation claim to grant the preliminary injunction, we cannot determine whether this claim supports preliminary injunctive relief.
First, the court did not articulate a conclusion that plaintiffs were likely to succeed on their First Amendment retaliation claim and we are unable to draw such a conclusion at this stage. In this regard, we note that not all speech by a public employee is protected from retaliation under the First Amendment, a point which the City failed to raise until their reply brief on appeal. A public employee “has no First Amendment cause of action” for retaliation unless the employee “spoke as a citizen on a matter of public concern.” Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006); see also Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008). Thus, whether plaintiffs are likely to succeed on the merits of their First Amendment claim will turn, in part, on whether plaintiffs’ lawsuit constitutes speech on a matter of public concern, Ruotolo, 514 F.3d at 188-89 (“[Plaintiffs First Amendment retaliation] claim based on his lawsuit must fail because his lawsuit did not address a matter of public concern.... [Plaintiffs] lawsuit sought to redress his personal grievances. It did not seek to advance a public purpose.”), a question that should be decided by “taking into account the content, form, *587 and context of a given statement as revealed by the whole record.” Id. at 189.
Second, the court’s finding of irreparable harm is incomplete. Its finding appears to be based on a presumption that the infringement of a First Amendment right necessarily is irreparable. But, “we have not consistently presumed irreparable harm in cases involving allegations of the abridgement of First Amendment rights.” Bronx Household of Faith v. Bd. of Educ., 331 F.3d 342, 349 (2d Cir.2003). “Where a plaintiff alleges injury from a rule or regulation that directly limits speech, the irreparable nature of the harm may be presumed.” Id. (emphasis added). But where “a plaintiff alleges injury from [an action] that may only potentially affect speech, the plaintiff must establish a causal link between the injunction sought and the alleged injury, that is, the plaintiff must demonstrate that the injunction will prevent the feared deprivation of [First Amendment] rights.” Id. at 350; see, e.g., Latino Officers Ass’n v. Safir, 170 F.3d 167, 171 (2d Cir.1999) (“Although we acknowledge that [the NYPD’s requirements] ... may make some officers more reluctant to speak ..., this kind of conjectural chill is not sufficient to establish real and imminent irreparable harm.”). In view of the limited testimony regarding the sergeants’ reactions to the investigation, we are unable to determine, on the record before us, whether the plaintiffs have demonstrated more than a “conjectural chill” or that the injunction will prevent the feared deprivation of First Amendment rights.
We are also unable to determine whether plaintiffs’ FLSA retaliation claim supports preliminary injunctive relief. As to this claim, it is not clear that the district court found an irreparable harm absent injunction. Its finding of irreparable harm is most naturally understood as resting on a conclusion that an irreparable harm necessarily would arise from the infringement of First Amendment rights. It offered no other analysis of why the harms it identified would be irreparable under the FLSA absent injunction. Although a retaliatory discharge claim might pose a sufficient risk of irreparable harm to support a preliminary injunction, e.g., Holt v. Cont’l Group, Inc., 708 F.2d 87, 91 (2d Cir.1983) (“A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights under the [law] or from providing testimony for [a] plaintiff in [his] effort to protect [his] own rights. These risks may be found to constitute irreparable injury.”), irreparable injury cannot be presumed in all cases of retaliation generally. For example, our precedent requires a “case-by-case approach to requests for preliminary relief based on witness intimidation.” Moore v. Consol. Edison Co. of N. Y., 409 F.3d 506, 512 n. 6 (2d Cir.2005); see also DeNovellis v. Shalala, 135 F.3d 58, 64 (1st Cir.1998) (“It cannot be the rule that irreparable injury may be established simply by bringing a retaliation claim and then saying that interim relief is necessary to prevent others from being intimidated from contributing to the plaintiffs case or from filing them own claims.... This is not to say that a retaliation claim may never give rise to a showing of irreparable injury, but only that it is a highly fact specific inquiry.”).
The district court may conclude that the potential harms it identified are irreparable, but, on this record, it has not articulated such a finding.
Furthermore, whichever of plaintiffs’ claims the district court relied on in issuing the preliminary injunction, it did not discuss whether the interim relief sought actually would minimize or avoid the irreparable harms identified. In government *588 personnel cases, we “apply ‘a particularly stringent standard for irreparable injury’ ” and pay special attention to whether the interim relief will remedy any irreparable harm that is found. See Moore, 409 F.3d at 512 n. 6 (quoting Am. Postal Workers Union v. U.S. Postal Serv., 766 F.2d 715, 721 (2d Cir.1985)). In the context of First Amendment retaliatory discharge cases, we have observed that “preliminary injunctive relief would likely be ineffective, because the alleged irreparable harm — [the chilling of protected activity] — stemmed not from the interim discharge but from the threat of permanent discharge, which is not vitiated by an interim injunction.” Moore, 409 F.3d at 512 n. 6 (internal quotation marks omitted).
Because we are not able to determine, on the record before us, whether a preliminary injunction is appropriate, we remand the case to the district court but leave the preliminary injunction intact until the district court has had an opportunity to clarify which of plaintiffs’ claims it found supported preliminary relief and why. See Rosen, 106 F.3d at 33 (leaving preliminary injunction intact while remanding the case for further explanation by the distinct court); Inverness Corp. v. Whitehall Labs., 819 F.2d 48, 51 (2d Cir.1987) (remanding for explanation of decision where the reviewing court could not, “without resorting to speculation, determine whether the district court considered [several] issues,” but leaving preliminary injunction intact).
In addition to clarifying the basis for the preliminary injunction, the district court, on remand, should consider whether the preliminary injunction is appropriate in light of developments in the case, including the resolution by jury trial of certain claims. Further, it should address whether a lesser injunction — such as, for example, enjoining the NYPD from interrogating, but not otherwise from investigating, plaintiffs regarding this case — would be sufficient to minimize or avoid any irreparable harm.
Because we are unable to assess, on the record before us, which, if either, of plaintiffs’ claims support a preliminary injunction, we REMAND the case to the district court, pursuant to the procedures set forth in United States v. Jacobson, 15 F.3d 19, 21-22 (2d Cir.1994), for clarification of its decision and for additional findings of fact or conclusions of law as necessary. The mandate shall issue forthwith. The parties are to inform the Clerk of the Court by letter within twenty-one days of when the district court has issued its clarification. Following such notification, jurisdiction of this appeal automatically will be restored to this Court without need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume its consideration of this case.