ABBOTT LABORATORIES, Abbott Diabetes Care, Inc., Abbott Diabetes Care Sales Corporation, Plaintiffs–Appellees,

v.

H&H WHOLESALE SERVICES, INC., Howard Goldman, Lori Goldman, Matrix Distributors, Inc., Christopher Benevent, Seth Grumet, Defendants–Appellants,

Adelphia Supply USA, Yudah Neuman, a/k/a Lenny Neuman, Reuven Sobel, a/k/a Chaim Sobel, Moses Neuman, Shmuel Lezell, Save Rite Medical.com LLC, Marc Kaplan, Papoutsanis USA, LLC, d/b/a VIP International–Drogaris, George Drogaris, OSD Capital, Inc., f/k/a Farnes Enterprises Corporation, Overstockdrugstore.com LLC, d/b/a SimpleMed Supply, Rick Evenson, Kevin Plumb, Budget Health Corporation, d/b/a Budget Drugs Pharmacy, John Fandetti, Robert Newmyer, Maria Fandetti, Lori Blue, Anthony Meola, Mark D. Henkin, Dream Cereal Inc., d/b/a Diabetessupplies4less.com, Douglas Hauck, Berkely Drugs Inc., Majid Hameed, Eugene Ha, Careway Pharmacy Inc., Anatoliy Fain, Harrico–Galler Drug Corporation, John Gallagher, Haber JN Inc., d/b/a the Modern Chemist, Naomi Haber, Jerry Haber, Norstrand Pharmacy, LLC, d/b/a Vanderveer Pharmacy, Sarathchandra Adusumalli, Hemagiri Gayam, Lev Rx Corp, d/b/a Kiras Pharmacy, Kira Levkouskaya, Eliyahus Pharmacy, Inc., Ilias Mlabasati, Global Care Pharmacy, Inc., D.K.Y. Enterprises, Inc., d/b/a 8th Avenue Pharmacy, Kim Ping Jim, TGIS Pharmacy, Inc., d/b/a Sunrise Family Pharmacy, Sajid Javed, Bay Pharmacy Inc., Irene Piker, B & T Pharmacy, Inc., Anatoly Gorokhovsky, Larke Drugs, Inc., d/b/a 110 Pharmacy & Surgical, Prasad Venigalla, La Ruche Pharmacy, Inc., Sunil B. Patel, Estates Pharmacy, Inc., Mohammed Nuruddin, John Doe, 1–10, Novex America, Dennis Cantor, Tri–State Medical Supplies Equip. Corp., Erwin Ganzfried, Mordechai Kritzler, Value Wholesale, Inc., Diane Brown, Medical Discount Services, Inc., Brian

Mesika, Darryl Schreiber, Xpress Medical Supplies Corp., d/b/a Payless Distributors, Mohammed Patel, Zubeda Moti, Muhammad Arif, SAPS Drug Wholesale, Inc., Vilas Asmin, Rajesh Amin, Nimesh Amin, Ixthus Medical Supply, Inc., Karl Kunstman, Comply USA Inc., Irany Nir, Ofek Messika, Kimberly Paszkiewicz, Drugplace, Inc., Paul Leight, Kevin Singer, HMF Distributing Inc., Wholesale Diabetic Supplies Inc., Ross Trager, Matthew Frank, Primed Pharmaceuticals LLC, Vincent Mondenado, Matthew Zeigler, NE Medical Supply USA, Inc., Danielle Wayne, Nick Wayne, TAS Medical Supply Company, Inc., Tzvi Sklarz, Product Performance Company, Inc., Jerrold Herman, Stephen Herman, Med–Plus, Inc., Roger Mezhibovsky, Delray Marketing, LLC, Steve Michaels, Diabetic Pharmacy Solutions, LLC, Karl Bucholz, Globe Wanted, Massalah Trading U.S.A. Ltd., Saad Haddad, a/k/a Sam, Havemeyer Pharmacy Inc., a/k/a/ South Second Pharmacy, Michael Bassanell, Defendants.

No. 15–3785–cv(L), No. 15–3858–cv(CON)

United States Court of Appeals, Second Circuit.

November 3, 2016

For Defendants–Appellants H&H Wholesale Service, Inc., Howard Goldman, and Lori Goldman: JOHN SHAEFFER (William Rudy, on the brief), Fox Rothschild LLP, Los Angeles, CA; Jason Yert, Kerr Russell and Weber, PLC, Detroit, MI (on the brief).

For Defendants–Appellants Matrix Distributors, Inc., Christopher Benevent, and Seth Grumet: MARTIN I. SAPERSTEIN, Goodman & Saperstein, Garden City, NY.

For Plaintiffs–Appellees: GEOFFREY POTTER (Aron Fischer, Timothy A. Waters, on the brief), Patterson Belknap Webb & Tyler LLP, New York, NY.

Present: ROBERT A. KATZMANN, Chief Judge, RALPH K. WINTER, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendants–Appellants H&H Wholesale Services, Inc., Howard Goldman, and Lori Goldman ("H&H") and Defendants–Appellants Matrix Distributors, Inc., Christopher Benevent, and Seth Grumet ("Matrix") appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, J.) granting the motion of Plaintiffs–Appellees Abbott Laboratories, Abbott Diabetes Care, Inc., and Abbott Diabetes Sales Corporation ("Abbott") for a preliminary injunction enjoining a majority of the defendants from importing, distributing, or otherwise using in commerce in the United States plaintiffs-appellees' "FreeStyle" brand blood-glucose test strips intended for international sale. For substantially the reasons that the district court granted the motion, we AFFIRM the judgment of the district court. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"The district court has wide discretion in determining whether to grant a preliminary injunction," and we review that decision "only for abuse of discretion." *Grand River Enter. Six Nations, Ltd. v. Pryor,*

481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (quoting *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005)). "Such abuse of discretion 'usually consists of clearly erroneous findings of fact or the application of an incorrect legal standard.'" *Id.* (quoting *Nicholson v. Scoppetta*, 344 F.3d 154, 165 (2d Cir. 2003)).

The district court may grant a preliminary injunction if the plaintiff has shown (1) a likelihood of success on the merits; (2) a likelihood of "irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [the plaintiff's] favor"; and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *Am. Civil Liberties Union v. Clapper*, 785 F.3d 787, 825 (2d Cir. 2015).

H&H argues that the district court abused its discretion in finding that Abbott was likely to succeed on the merits of its trademark infringement claims brought against H&H. Both H&H and Matrix argue that the district court abused its discretion in finding a likelihood of irreparable harm in the absence of preliminary relief. We find no abuse of discretion in the district court's thorough and well-reasoned order.

We have considered all of the defendants-appellants' arguments on this appeal and we find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.