10-3405-cv (L)
IDG USA, LLC v. Schupp

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
IDG USA, LLC,

        Plaintiff-Counter-Defendant-
        Appellee,

        -v.-                                      10-3405-cv (L)
                                                  10-3955-cv (Con)
KEVIN J. SCHUPP,

        Defendant-Counter-Claimant-
        Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:        Linda H. Joseph
                      Schroder, Joseph & Associates LLP
                      Buffalo, NY

1

**FOR APPELLEE:**     Kevin Joseph English
                     Christopher L. Hayes (*on brief*)
                     Phillips Lytle LLP
                     Buffalo, NY

Appeal from the grant of a preliminary injunction by the United States District Court for the Western District of New York (Skretny, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's decision is **AFFIRMED in part**, **VACATED in part,** and **REMANDED** in part.

The Appellant, Kevin Schupp, appeals the district court's grant of a preliminary injunction preventing him from: (1) working for competitors of the Appellee, IDG USA, LLC ("IDG"), in a capacity similar to the one he had while at IDG; (2) soliciting IDG customers that he managed while at IDG; and (3) disclosing IDG's trade secrets and confidential information. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's grant of a preliminary injunction for abuse of discretion. <u>Metro. Taxicab Bd. of Trade v. City of New York</u>, 615 F.3d 152, 156 (2d Cir. 2010). A grant of preliminary relief is an abuse of discretion when: (1) the decision rests on an error of law; (2) the decision rests on a clearly erroneous factual finding; or (3) the decision, though not the product of a legal error or clearly erroneous factual finding, cannot be located within the range of permissible decisions. <u>Sec & Exch. Comm'n v. Dorozhko</u>, 574 F.3d 42, 45 (2d Cir. 2009).

To obtain a preliminary injunction, a party must establish both "irreparable harm absent injunctive relief, and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in [its] favor." <u>Almontaser v. N.Y.C. Dep't of Educ.</u>, 519 F.3d 505, 508 (2d Cir. 2008) (quoting <u>Louis Vuitton Malletier v. Dooney & Bourke, Inc.</u>, 454 F.3d 108, 113-14 (2d Cir. 2006)). The district court was well within its discretion to conclude that IDG had shown a likelihood of success on the merits and irreparable harm. Therefore,

the district court properly issued a preliminary injunction against Schupp.

Schupp argues that IDG cannot show a likelihood of success on the merits because (i) the non-compete agreement ("NCA") with him is inherently unenforceable, (ii) he never breached the NCA, and (iii) IDG breached the NCA thereby making it unenforceable against him.  An NCA is enforceable if its restrictions are reasonable.  BDO Siedman v. Hirshberg, 93 N.Y.2d 382, 388 (1999).  A restriction is reasonable if it is no more than is needed to protect the employer's legitimate interests, it imposes no undue hardship on the employee, and it does not injure the public.  Id. at 388-89.  Under New York law, an employer has a legitimate interest in both its relationships with its customers and its trade secrets.  Id. at 389, 391.  The limited term and scope of the NCA at issue here do not offend public policy.  Therefore, the district court did not abuse its discretion in concluding that the NCA is enforceable.

The district court was within its discretion to conclude on the evidence presented at the preliminary injunction proceedings that Schupp breached the NCA.  IDG presented substantial evidence that, immediately after he left IDG, Schupp began working nearby for one of IDG's competitors, soliciting IDG's clients, and disclosing IDG's confidential information.  This evidence is sufficient to reasonably conclude that Schupp violated the non-compete, non-solicit, and non-disclosure provisions of the NCA.

The district court was also within its discretion to conclude on the record of the preliminary proceedings that IDG did not breach the NCA.  Schupp's sole consideration for signing the NCA was a one-time payment of $3,000 by IDG, which IDG paid and Schupp accepted.  Schupp's constructive termination claim fails because he did not establish that IDG intentionally created a work environment so unpleasant that a reasonable person in Schupp's position would feel compelled to resign.  See Morris v. Schroder Capital Mgmt. Int'l, 7 N.Y.3d 616, 622 (2006) ("[T]he atmosphere in the workplace must be so intolerable as to compel a reasonable person to leave.").  In any event, Schupp was employed "at will."

To establish irreparable harm, a plaintiff must establish both that an injury is likely absent the

injunction and that the injury cannot be adequately remedied with money damages. Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007); Moore v. Consol. Edison Co., 409 F.3d 506, 510 (2d Cir. 2005). Threatened dissemination of trade secrets generally creates a presumption of irreparable harm. See FMC Corp. v. Taiwan Tainan Giant Indus. Co., 730 F.2d 61, 63 (2d Cir. 1984) (per curiam). IDG presented substantial evidence that Schupp was disseminating IDG's secrets, including to IDG's customers and one of IDG's primary competitors. The district court was within its discretion to conclude that IDG satisfied the irreparable harm requirement and that a preliminary injunction was justified.

However, while the district court was within its discretion to issue a preliminary injunction, the terms of the injunction fail to meet the specificity requirement of Federal Rule of Civil Procedure Rule 65(d) for two reasons.

First, the district court's injunction insufficiently specified the trade secrets and confidential information that Schupp is forbidden to disclose. To satisfy Rule 65(d), "the party enjoined must be able to ascertain from the four corners of the order precisely what acts are forbidden." Sanders v. Air Line Pilots Ass'n Int'l, 473 F.2d 244, 247 (2d Cir. 1972). An injunction that simply prohibits the disclosure of trade secrets or confidential information, with no additional description of what secrets or confidential information are to be protected, is insufficiently specific to satisfy Rule 65(d). Corning Inc. v. PicVue Elecs., Ltd., 365 F.3d 156, 157-58 (2d Cir. 2004). Because with respect to trade secrets and confidential information, the district court's injunction here is no more specific than the one rejected in Corning, we vacate that portion of the preliminary injunction and remand to the district court to add additional specificity. The district court may consider tracking the words of the NCA, which defines trade secrets and confidential information. While an order granting a preliminary injunction may not incorporate extrinsic documents by reference, it can track language from such documents in order to add specificity to the injunction. The language in the NCA should be sufficient to satisfy Corning and Rule 65(d).

Second, the district court's injunction does not specify the duration of any of its prohibitions. We remand for that amendment. The district court should consider that

4

the non-compete and non-solicit clauses of the NCA--but not the non-disclosure clause--have a one-year limit.  The district court therefore should consider whether the prohibitions of these two clauses remain current.  If on remand the district court determines that any of the time limits have expired, the district court should further modify the terms of the preliminary injunction to accommodate such circumstances.

Finally, we reject Schupp's argument that the district court's preliminary injunction is somehow invalid because the court failed to require IDG to post a bond until after Schupp specifically requested one almost a month after the preliminary injunction first issued.  While the bond should have been required <u>sua sponte</u> at the time the injunction first issued (or the district court should have explained when issuing the injunction why no bond was being imposed), such error is harmless because the district has now required such a bond.

We hereby **AFFIRM** the district court's grant of a preliminary injunction, but we **VACATE in part** and **REMAND** the district court's specific injunctive order with instructions to further specify the nature of the confidential information and trade secrets that the Appellant is enjoined from disclosing and duration of each of the injunction's prohibitions.

                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, CLERK