18-2261-cv
ExpertConnect, LLC v. Parmar, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
ANN M. DONNELLY,*
*District Judge*.

-----------------------------------------------------------------

EXPERTCONNECT, LLC, a
Delaware limited liability company,

*Plaintiff-Appellee*,

v.                                                     No. 18-2261-cv

DIPALI PARMAR, a Washington resident,
MAYOKIA FOWLER, a Texas resident,

---

* Judge Ann M. Donnelly, of the United States District Court for the Eastern District of New York, sitting by designation.

STRAFLUENCE, LLC.,

*Defendants-Appellants.*†

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLEE:  DARYL E. DAVIS, Leo Law Firm, LLC, Huntsville, AL.

FOR DEFENDANTS-APPELLANTS:  RICHARD ALAN ROTH, The Roth Law Firm, PLLC, New York, NY.

Appeal from the grant of a preliminary injunction by the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED IN PART and REMANDED IN PART.

Defendants Dipali Parmar, Mayokia Fowler, and Strafluence, LLC appeal from an order of the District Court (Schofield, J.) granting ExpertConnect's motion for a preliminary injunction.   ExpertConnect alleges that its former employees, Parmar and Fowler, breached their employment contract and misappropriated ExpertConnect's trade secrets to benefit their new business

---

† The Clerk of Court is directed to amend the official caption as shown above.

venture, Strafluence. The preliminary injunction enjoins the Defendants from various business activities, including communicating with ExpertConnect's clients and using or disclosing ExpertConnect's confidential information. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and remand in part.

To obtain a preliminary injunction, a party must establish "irreparable harm in the absence of the injunction." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 116 (2d Cir. 2009). To satisfy this requirement, a plaintiff must demonstrate that absent a preliminary injunction it will suffer "actual and imminent" injury that "cannot be remedied if a court waits until the end of the trial," such as through an award of money damages. See id. at 118 (quotation marks omitted).

Here, the District Court did not abuse its discretion in granting the preliminary injunction because ExpertConnect established that Defendants' actions would impair ExpertConnect's good will and reputation. See Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 404 (2d Cir. 2004); Def. App'x at 15.

Based on that showing, the District Court was entitled to infer that the Defendants' use and disclosure of trade secrets would have serious reputational harm for ExpertConnect absent an injunction, and that it would be exceedingly hard to calculate the loss of good will and reputation at trial.   See Tom Doherty Assocs., Inc. v. Saban Entm't Inc., 60 F.3d 27, 37 (2d Cir. 1995); Pl. App'x at 37–38.

The Defendants also argue that, even if the preliminary injunction was proper, the terms of the injunction failed to satisfy the requirements of Rule 65(d) of the Federal Rules of Civil Procedure.   We agree.   The order enjoins the Defendants "from using any of ExpertConnect's confidential and/or proprietary information and/or trade secrets for any purpose."   Def. App'x at 92.   It also enjoins the Defendants "from disclosing any of ExpertConnect's confidential and/or proprietary information and/or trade secrets to any person or entity, other than ExpertConnect or ExpertConnect's employees or agents."   Id. at 93. Under Rule 65(d), however, an injunction that prohibits the use or disclosure of trade secrets or confidential information must also specifically describe the nature of the secrets or confidential information to be protected.   See Corning Inc. v. PicVue Elecs., Ltd., 365 F.3d 156, 157–58 (2d Cir. 2004).   As counsel for

4

ExpertConnect acknowledged at oral argument, the District Court's order lacks the level of specificity that Rule 65(d) requires. Moreover, because Parmar's and Fowler's confidentiality agreements may include temporal limits, the District Court should consider "whether the [confidentiality] prohibitions … remain current … [or if] any of the time limits have expired." IDG USA, LLC v. Schupp, 416 F. App'x 86, 89 (2d Cir. 2011) (summary order).

We have considered the Defendants' remaining arguments and conclude that they are without merit. The order of the District Court finding that the Defendants violated both New York and federal trade secret laws and determining that a preliminary injunction is appropriate is affirmed. The matter is remanded to the District Court so that it may redraft the injunction more precisely and in conformity with Rule 65(d).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court