18-581
Weaver v. Schiavo

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand nineteen.

PRESENT:
   DENNIS JACOBS,
   ROBERT D. SACK,
   DENNY CHIN,
    Circuit Judges.

_____

Everette Weaver,

   Plaintiff-Appellant,

  v.            18-581

Nicole E. Schiavo, Hogan Lovells US LLP, McCabe, Weisberg & Conway, LLC, OneWest Bank, FSB, Caryn Edwards, Salvatore Farruto, U.S. Bank Trust National Association, as trustee of CVI LCF Mortgage Loan Trust 1, Bradford Kendall, in his official capacity as,

**Clerk of Dutchess County, Maria G. Rosa, in her official capacity as Justice of the Supreme Court, County of Dutchess, Patrick Overturf,**

**Defendants-Appellees.**

---

**FOR PLAINTIFF-APPELLANT:** Everette Weaver, pro se, Hopewell Junction, NY.

**FOR NICOLE E. SCHIAVO, HOGAN LOVELLS US LLP, ONEWEST BANK, FSB, CARYN EDWARDS, SALVATORE FARRUTO, PATRICK OVERTURF:** Nicole E. Schiavo (with Chava Brandriss, Cameron E. Grant on the brief), Hogan Lovells US LLP, New York, NY.

**FOR MCCABE, WEISBERG & CONWAY, LLC, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CVI LCF MORTGAGE LOAN TRUST 1, BRADFORD KENDALL, IN HIS OFFICIAL CAPACITY AS CLERK OF DUTCHESS COUNTY, MARIA G. ROSA, IN HER OFFICIAL CAPACITY AS JUSTICE OF THE SUPREME COURT, COUNTY OF DUTCHESS:** No appearance.

Appeal from an order of the United States District Court for the Southern District of New York (Preska, Oetken, JJ.).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part and the appeal is **DISMISSED** in part for lack of jurisdiction.

Appellant Everette Weaver, pro se, appeals the district court's order denying his motions for a preliminary injunction, entry of default judgment, and other relief.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] The order under appeal was issued by Judge Oetken as Part 1 Judge.

We lack jurisdiction to consider an interlocutory appeal from the denial of a motion for default judgment.   See In re Wills Lines, Inc., 227 F.2d 509, 511 (2d Cir. 1955).   Nor do we have jurisdiction to consider interlocutory appeals from the denial of motions for a declaration that the mortgage assignments were void; orders directing defendants to make changes to Weaver's credit history and directing the county clerk to expunge documents from property records; or a judicial referral of Weaver's claims for a criminal investigation.   See In re Roman Catholic Diocese of Albany, N.Y., Inc., 745 F.3d 30, 35 (2d Cir. 2014) (noting that an appealable final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").   Accordingly, insofar as Weaver appeals from these aspects of the district court's order, the appeal is dismissed for lack of jurisdiction.

The denial of a preliminary injunction is reviewed for abuse of discretion. Lynch v. City of New York, 589 F.3d 94, 99 (2d Cir. 2009).   "District courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party."   Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks omitted).   Irreparable harm is "the single most important prerequisite" for relief.   Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted).   The district court properly denied a preliminary injunction because Weaver provided no evidence that he would suffer irreparable harm absent injunctive relief.

We have considered all of Weaver's arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court in part and **DISMISS** the appeal in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3